Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and the putative class

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Dev Anand Oman, Todd Eichmann, and Michael Lehr, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Delta Air Lines, Inc.,<br><br>　　　　　　　　Defendant. | **Case No. 3:15-CV-00131-WHO**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1)　Failure to Pay Minimum Wage in Violation of California Law (Cal. Lab. Code §§ 1182.12, 1194, and 1194.2, and IWC Wage Order(s))**<br><br>**(2)　Failure to Pay Minimum Wage in Violation of San Francisco Minimum Wage Ordinance (San Francisco Admin. Code § 12R)**<br><br>**(3)　Failure to Pay Minimum Wage in Violation of San Jose Minimum Wage Ordinance (San Jose Mun. Code § 4.100)**<br><br>**(4)　Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br><br>**(5)　Wage Statement Penalties (Cal. Lab. Code § 226)**<br><br>**(6)　Violation of California Business and Professions Code §§ 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Delta Air Lines, according to its own policies, does not pay its flight attendants for all hours worked. Plaintiffs Dev Anand Oman, Todd Eichmann and Michael Lehr bring this putative class action on behalf of similarly situated Delta flight attendants to recover wages for unpaid for work performed for Delta.

2. This is a class action brought by Individual and Representative Plaintiffs Dev Anand Oman ("Oman"), Todd Eichmann ("Eichmann") and Michael Lehr ("Lehr," together with Oman and Eichmann, the "Plaintiffs") on their own behalf and on behalf of the proposed classes. Plaintiffs and the putative Class Members are or were employed as flight attendants by Defendant Delta Air Lines, Inc., ("Delta" or "Defendant"), or its predecessors-in-interest, and were denied proper compensation as required by state wage and hour laws. Plaintiffs bring their claims on behalf of a class of Defendant's flight attendants pursuant to Federal Rule of Civil Procedure 23.

3. The Class is made up of all persons who have been employed by Defendant as flight attendants who have performed work for Defendant within the State of California at any time within the four years prior to this action's filing date through the trial of this action (the "Class Period"). Plaintiffs also seek to represent subclasses of flight attendants who performed work for Delta within the City of San Francisco and within the City of San Jose.

4. During the Class Period, Defendant failed to pay minimum wages to Plaintiffs and each member of the putative classes as required by state and local law. Plaintiffs seek relief for the classes under state and local wage and hour laws to remedy Defendant's failure to pay all wages due, including appropriate minimum wages. Plaintiffs seek restitution of unpaid wages, payment of waiting time penalties and wage statement penalties, and injunctive relief.

**THE PARTIES**

5. Individual and representative Plaintiff Dev Anand Oman is an individual residing in Ozone Park, New York. He was employed by Defendant from 1999 through September 10, 2014 as a flight attendant. Throughout his employment with Delta, and within the last three years, Plaintiff Oman regularly worked on flights arriving into and departing from California

-1-
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

airports, including San Francisco International Airport, San Jose International Airport, John Wayne International Airport, Los Angeles International Airport, Sacramento International Airport, and San Diego International Airport.

6. Within the last three years, Plaintiff Oman has worked at least two hours for Defendant within the City of San Francisco on more than one occasion. He has also worked at least two hours for Defendant within the City of San Jose on more than one occasion.

7. Individual and representative Plaintiff Todd Eichmann is an individual residing in Palm Springs, California (Riverside County). Plaintiff Eichmann is currently employed by Defendant as a flight attendant and has been so employed for approximately twenty-five years. Since approximately February 2014, Plaintiff Eichmann has been based out of Los Angeles International Airport. Prior to February 2014, and during the relevant time frame, Plaintiff Eichmann was based out of Detroit Metropolitan Wayne County Airport and Seattle-Tacoma International Airport. Throughout his employment with Delta, and within the last three years, Plaintiff Eichmann regularly worked on flights arriving into and departing from California airports, including San Francisco International Airport, San Jose International Airport, John Wayne International Airport, Los Angeles International Airport, Sacramento International Airport, and San Diego International Airport.

8. Within the last three years, Plaintiff Eichmann has worked at least two hours for Defendant within the City of San Francisco on more than one occasion.

9. Individual and representative Plaintiff Michael Lehr is an individual residing in Las Vegas, Nevada. Plaintiff Lehr is currently employed by Defendant has a flight attendant and has been so employed for approximately twenty-seven years. At all applicable times, Plaintiff Lehr has been based out of San Francisco International Airport. Throughout his employment with Delta, and within the last three years, Plaintiff Lehr regularly worked on flights arriving into and departing from California airports, including San Francisco International Airport, John Wayne International Airport, Los Angeles International Airport, Sacramento International Airport, and San Diego International Airport.

10. Within the last three years, Plaintiff Lehr has worked at least two hours for

Defendant within the City of San Francisco on more than one occasion.

11.     Upon information and belief, Defendant Delta Air Lines, Inc. is a Delaware corporation headquartered in Atlanta, Georgia. Delta operates out of numerous airports throughout the country, including San Francisco International Airport, Oakland International Airport, San Jose International Airport, John Wayne International Airport, Ontario International Airport, Los Angeles International Airport, Sacramento International Airport, and San Diego International Airport.  Defendant operates flights throughout the country.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over Plaintiffs' and the Class Members' causes of actions alleged herein under section 28 U.S.C. § 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000 and the named Plaintiffs, and some class members, are citizens of a different state than Defendant.

13.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial portion of the events which are the subject of this action were performed in the County of San Francisco, in the State of California.

14.     Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Francisco County, California.

## FACTUAL ALLEGATIONS

15.     During the applicable statutory periods, Plaintiffs and Class Members worked as flight attendants for Defendant.  Defendant, through its policies, practices, and supervisors, directed the work activity of Plaintiffs and other flight attendants.

16.     Defendant paid Plaintiffs and Class Members using multiple compensation structures.  Under all of the pay schemes, Plaintiffs and Class Members were paid as hourly employees.  Defendant established hourly pay rates for all flight attendants based on seniority.

17.      Defendant's pay structures are set out in Defendant's "Work Rules," and

Defendant admits that it applied these rules when paying its flight attendants, including Plaintiffs.[1] According to Defendant's "Work Rules," there are and/or have been four pay structures in place:

    a. "Flight Pay," which pays flight attendants for all hours between the time a flight pushes out from the departure gate and the time it pulls into the destination gate;

    b. "Duty Period Credit Pay," which pays flight attendants for half their hours worked;

    c. "Duty Period Average," which pays flight attendants for 4.75 hours of work for each "duty period" during a rotation; and

    d. "Trip Pay Credit," in which Delta credits the flight attendant with one hour of pay for every 3.5 hours they are away from their base.

18. Plaintiffs and Class Members were and are required to be present at the airport at least one hour prior to their flight's scheduled departure time. During this time, flight attendants are required to attend a pre-flight briefing meeting, prepare food carts and other items on the airplane, and board passengers onto the plane.

19. Similarly, once a flight lands, flight attendants were and are required to facilitate deplaning, including checking aircraft doors and communicating with flight leaders. Deplaning at California airports often takes more than 15 minutes.

20. Delta often schedules flight attendants to take multiple trips in the same "duty period." Delta does not allow flight attendants to leave the airport in between their scheduled flights, except for at the end of their duty period. Delta instructs its flight attendants that they are still on duty between scheduled flights in the same duty period, and that they may be called upon to depart early on a different flight.

21. Defendant's primary pay structure, the Flight Pay formula, entails paying Plaintiffs and Class Members a set hourly rate for some of the hours worked onboard the aircraft. Under

---

[1] Delta's Flight Attendant Work Rules are attached hereto as Exhibit A.

this structure, Plaintiffs and Class Members are paid a set hourly rate from the time an aircraft "blocks out," or leaves the gate, until it "blocks in" at the destination. Under this pay scheme, Plaintiffs and Class Members are not paid for, among other things, work performed at the airport before or after their flight, for time spent onboard the aircraft before the doors are closed, or for time spent at the airport between flights. Additionally, if a flight is delayed prior to boarding, flight attendants paid under the Flight Pay formula are not paid for time spent waiting.

22. Because Delta pays its flight attendants primarily under the Flight Pay formula, Delta regularly fails to pay its flight attendants for all hours worked.

23. Delta uses the Duty Period Credit Pay formula, instead of the Flight Pay formula, when the expected duty period contains more than twice the number of flight hours. Under this formula, flight attendants are "credited with 1 hour of flight pay for every 2 hours on duty." (Ex. A, 36.) Therefore, the Duty Period Credit Pay formula only pays flight attendants for half their hours worked. Time spent on standby in an airport is typically credited under the Duty Period formula.

24. Additionally, the so-called "Duty Period" does not encompass all time worked. Under that formula, flight attendants who arrive earlier than their scheduled shift are only paid from their scheduled start time, and are assumed to only work (and so are only paid) for 15 minutes after their plane arrives at the gate. Deplaning at California airports often takes more than 15 minutes. In order to get paid for additional time, flight attendants are required to call Defendant's scheduling department.

25. Defendant rarely pays flight attendants under the Duty Period Average or Trip Pay Credit formulas. Even so, the Duty Period Average formula fails to pay flight attendants for all hours worked because it pays a flat 4.75 hour average regardless of the number of hours actually worked. Likewise, the Trip Pay violates minimum wage laws because it does not identify which hours are paid or unpaid.

26. Defendant's wage statements did not accurately reflect all hours worked.

27. Because Defendant did not pay Plaintiffs and other flight attendants for all hours worked, Defendant did not provide Plaintiffs and other flight attendants all wages owed at the

time they were no longer employed by Defendant.

28. Defendant's unlawful conduct has been widespread, repeated, and consistent.

29. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiffs and Class Members.

## CLASS ALLEGATIONS

30. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class and subclasses:

> **California Class:** All Persons who are or have been employed by Defendant as flight attendants and who performed work for Defendant in the State of California at any time within the four years prior to this action's filing date through the trial of this action.
>
> **San Francisco Subclass:** All Persons who are or have been employed by Defendant as flight attendants and who performed work for Defendant in the City and County of San Francisco for at least two hours in any day at any time within the four years prior to this action's filing date through the trial of this action.
>
> **San Jose Subclass:** All Persons who are or have been employed by Defendant as flight attendants and who performed work for Defendant in the City of San Jose for at least two hours in any day at any time within the four years prior to this action's filing date through the trial of this action.

31. Plaintiffs seek certification of this lawsuit as a class action, in order that his rights and the rights of the Class Members, relating to failure to pay minimum wages, failure to timely pay wages owed, failure to provide accurate wage statements, prejudgment interest, attorneys' fees and any other damages due, be resolved fairly, efficiently, and consistently.

32. This action is brought pursuant to Fed. R. Civ. P. 23 because the class is so numerous that joinder of all members is impracticable. There are thousands of flight attendants in the proposed class. A class action is appropriate because there exists ascertainable and sufficiently numerous classes, there is a well-defined community of interest, and proceeding on a class-wide basis will have substantial benefits and is superior to the alternatives.

33. *Numerosity.* The size of the classes makes a class action both necessary and efficient. The classes consist of thousands of current and former employees. Members of the

classes are ascertainable through Defendant's records, and are so numerous that joinder is impracticable.

34. *Predominant Common Questions of Law and Fact.* The issues surrounding this lawsuit present common questions of law and fact, and these common questions predominate over the variations, if any, which may exist between members of the class. These common questions of law and fact include, without limitation:

    a. Whether Defendant had a policy and practice of ever paying Plaintiffs and Class Members based on flight time instead of all time worked;

    b. Whether Defendant's pay policies violate California's minimum wage requirements;

    c. Whether Defendant's pay policies violate San Francisco's minimum wage requirements;

    d. Whether Defendant's pay policies violate San Jose's minimum wage requirements;

    e. Whether Defendant employed Plaintiffs and Class Members within the meaning of California, San Francisco, and San Jose law;

    f. Whether Defendant failed to pay Class Members their full wages when due as required by California Labor Code §§ 201, 202, and 204;

    g. Whether Defendant failed to provide accurate itemized wage statements to Class Members and maintain adequate records as required by Labor Code § 226;

    h. Whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating state laws as set forth herein; and

    i. The proper measure of damages sustained by Plaintiffs and Class Members.

35. *Typicality.* Plaintiffs' interests in the subject matter and remedy sought are typical of those of the other putative class members. Plaintiffs, like other members of the class, were employed during the Class Period, and were subjected to Defendant's uniform pay practices that failed to pay at least the applicable minimum wage for all hours worked. Plaintiffs and Class

Members sustained injuries arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

36. *Adequacy.* Plaintiffs are able to fairly and adequately represent and protect the interests of the class, because their individual interests are consistent with, and not antagonistic to, the interests of the classes, and because they have retained counsel who possess the requisite resources and ability to prosecute this case as a class action. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class actions.

37. *Superiority.* Individual actions by each member of the class injured or affected would result in a multiplicity of actions, and potentially inconsistent judgments, creating a hardship to Plaintiffs, the Class Members, to the Court, and to Defendant. The damages suffered by the individual Class Members are small compared to the expense and burden of vigorous individual prosecution of this litigation against a corporate Defendant. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

38. Plaintiffs intend to send notice to all members of the class to the extent required by the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LAW

(Cal. Wage Order No. 9; Cal. Labor Code §§ 1182.12, 1194, and 1194.2)

(On Behalf of Plaintiffs and the California Class)

39. Plaintiffs and California Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

40. At all times relevant to this action, Plaintiffs and California Class Members were employed by Defendant within the meaning of the California Labor Code.

41. From January 1, 2008 until June 30, 2014, the minimum wage in California was $8.00 an hour. Since July 1, 2014, the minimum wage in California has been $9.00 an hour.

42. California Class Members employed by Defendant were not exempt from the minimum wage requirements of California law.

-8-

43. California law requires employers to pay at least the minimum wage for all <u>hours</u> worked. *See Gonzalez v. Downtown LA Motors, LP*, 215 Cal.App.4th 36, 51-53 (2013) (holding that employer's failure to pay auto mechanics for time between piece rate work violates California's minimum wage requirements). California law does not allow an employer to establish compliance with minimum wage requirements by averaging rates earned by an employee over an entire shift. Each of Defendant's compensation schemes violate California's minimum wage requirements because they fail to pay Plaintiffs and California Class Members for all hours worked.

44. For example, under Defendant's "Flight Pay" formula, Plaintiffs and California Class Members are paid for hours worked between "block out" and "block in," but not for any of the time worked prior to departure or after arrival. The other formulas either explicitly pay for less than all hours worked, or fail to ensure that all hours worked are paid.

45. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Class members, in conscious disregard of Plaintiffs' and California Class Members' rights.

46. During the applicable statute of limitations, Defendant has failed to pay Plaintiffs and California Class Members the applicable minimum wage for all hours worked, in violation of Cal. Labor Code § 1182.12 and relevant wage orders.

47. Pursuant to Cal. Labor Code § 1194, Plaintiffs and California Class Members are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiffs and California Class Members are entitled to recover liquidated damages pursuant to Cal. Labor Code § 1194.2.

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATOIN OF SAN FRANCISCO MINIMUM WAGE ORDINANCE**

San Francisco Admin. Code § 12R

(On Behalf of Plaintiffs and the San Francisco Subclass)

48. Plaintiffs and San Francisco Subclass Members allege and incorporate by reference the allegations in the preceding paragraphs.

49. At all times relevant to this action, Plaintiffs and San Francisco Subclass Members were employed by Defendant within the meaning of San Francisco's Minimum Wage Ordinance, were covered by the provisions of San Francisco's Minimum Wage Ordinance, and were not exempt from the minimum wage requirements of that ordinance.

50. The San Francisco minimum wage was $9.79 per hour in 2010, $9.92 per hour in 2011, $10.24 per hour in 2012, $10.55 per hour in 2013, and $10.74 per hour in 2014. Since January 1, 2015, San Francisco's minimum wage has been $11.05 per hour.

51. San Francisco International Airport is part of the City and County of San Francisco, and is covered by San Francisco's Minimum Wage Ordinance.

52. The San Francisco Minimum Wage Ordinance requires employers to pay at least the minimum wage for all hours worked.  It does not allow an employer to establish compliance with minimum wage requirements by averaging rates earned by an employee over an entire shift. Defendant's compensation schemes violate San Francisco's minimum wage requirements because they fail to pay Plaintiffs and San Francisco Subclass Members for all hours worked.

53. For example, under Defendant's "Flight Pay" formula, Plaintiffs and San Francisco Subclass Members are paid for hours worked between "block out" and "block in," but not for any of the time worked prior to departure or after arrival.  The other formulas either explicitly pay for less than all hours worked, or fail to ensure that all hours worked are paid.

54. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and San Francisco Subclass Members, in conscious disregard of Plaintiffs' and Class Members' rights.

55. During the applicable statute of limitations, Defendant has failed to pay Plaintiffs and San Francisco Subclass Members the applicable minimum wage for all hours worked, in violation of San Francisco Admin. Code § 12R.

56. Pursuant to San Francisco Admin. Code § 12R.7(c), Plaintiffs and San Francisco Subclass Members are entitled to recover their unpaid wages in an amount to be established at

-10-

trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiffs and San Francisco Subclass Members are entitled to recover liquidated damages in the amount of $50 per violation per day.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGE IN VIOLATOIN OF SAN JOSE MINIMUM WAGE ORDINANCE

San Jose Municipal Code § 4.100

(On Behalf of Plaintiff Oman and the San Jose Subclass)

57. Plaintiff Oman and San Jose Subclass Members allege and incorporate by reference the allegations in the preceding paragraphs.

58. At all times relevant to this action, Plaintiff Oman and San Jose Subclass Members were employed by Defendant within the meaning of San Jose's Minimum Wage Ordinance, were covered by the provisions of San Jose's Minimum Wage Ordinance, and were not exempt from the minimum wage requirements of that ordinance.

59. The San Jose minimum wage was $10.00 per hour in 2013, and was $10.15 per hour in 2014. Since January 1, 2015, the San Jose minimum wage has been $10.30 per hour.

60. The San Jose International Airport is part of the City of San Jose, and is covered by San Jose's Minimum Wage Ordinance.

61. San Jose's Minimum Wage Ordinance requires employers to pay at least the minimum wage for all hours worked. It does not allow an employer to establish compliance with minimum wage requirements by averaging rates earned by an employee over an entire shift. Defendant's compensation schemes violate San Jose's minimum wage requirements because they fail to pay Plaintiff Oman and San Jose Subclass Members for all hours worked.

62. For example, under Defendant's "Flight Pay" formula, Plaintiff Oman and San Jose Subclass Members are paid for hours worked between "block out" and "block in," but not for any of the time worked prior to departure or after arrival. The other formulas either explicitly pay for less than all hours worked, or fail to ensure that all hours worked are paid.

-11-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

63. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff Oman and San Jose Subclass Members, in conscious disregard of Plaintiff's and Class Members' rights.

64. During the applicable statute of limitations, Defendant has failed to pay Plaintiff Oman and San Jose Subclass Members the applicable minimum wage for all hours worked, in violation of San Jose Municipal Code § 4.100.040.

65. Pursuant to San Jose Municipal Code § 4.100.090, Plaintiff Oman and San Jose Subclass Members are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiff Oman and San Jose Subclass Members are entitled to recover liquidated damages in the amount of $50 per violation per day.

## FOURTH CLAIM FOR RELIEF

## WAITING TIME PENALTIES

Cal. Labor Code §§ 201, 202 & 203

(On Behalf of Plaintiff Oman and the Classes)

66. Plaintiff Oman and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

67. California Labor Code §§ 201 and 202 require Defendant to pay employees who quit or are discharged all wages due within specified times. Labor Code § 204 requires employers to pay full wages when due. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

68. Plaintiffs and Class Members are entitled to unpaid minimum wages, but to date have not received all such compensation. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Class Members, in conscious disregard of Plaintiffs' and Class Members' rights.

-12-
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

69. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff Oman and Class Members who have left Defendant's employ are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

(On Behalf of Plaintiffs and the Classes)

70. Plaintiffs and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

71. Pursuant to Labor Code § 226, employers, including Defendant, must provide their employees an accurate, written, itemized wage statement with each paycheck. The wage statement must show all applicable pay rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

72. By failing to itemize the number of hours Plaintiffs and other Class Members were paid and the different pay rates used, Defendant knowingly and intentionally failed to provide Plaintiffs and Class Members with the required accurate, written, itemized wage statements.

73. Pursuant to Labor Code § 226, Plaintiffs and Class Members have suffered injury as a result of Defendant's failure to provide accurate, written, itemized wage statements.

74. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Class Members, in conscious disregard of Plaintiffs' and Class Members' rights.

75. Plaintiffs and Class Members are entitled to all actual and statutory damages and penalties available for these violations under Labor Code § 226(e).

## SIXTH CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION LAW

Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiffs and the Classes)

76. Plaintiffs and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

77. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

78. The acts and practices of Defendant described herein constitute unfair and unlawful business practices as defined by the UCL. Defendant has engaged in unlawful activities including but not limited to: (a) failing to compensate Class Members at a wage rate at least equal to the applicable minimum wage for each hour worked; (b) failing to provide accurate, written, itemized wage statements; and (c) failing to pay all wages when due.

79. Defendant's activities also constitute unfair competition in violation of the UCL because Defendant's practices violate, *inter alia*, California Labor Code §§ 201; 202; 204; 226; 510; 1182.12; and 1194, as well as the San Francisco Minimum Wage Ordinance and San Jose's Minimum Wage Ordinance. Each of these violations constitutes an independent and separate violation of the UCL.

80. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition. Defendant's practices described above are immoral, unethical, oppressive, unscrupulous, and injurious. Defendant was unjustly enriched and achieved an unfair competitive advantage over legitimate business competitors at the expense of its employees and the public at large.

81. The harm to Plaintiffs and the Classes in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

82. Defendant's conduct as herein alleged has injured Plaintiffs and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs and Class Members. Plaintiffs and Class Members have standing to bring this claim for injunctive

relief, restitution, disgorgement, and other appropriate equitable relief pursuant to Bus. & Prof. Code § 17204.

83.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and Class Members are entitled to restitution of the minimum wages and other unpaid wages alleged herein that were withheld and retained by Defendant within the four years prior to this action's filing date, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Classes they represent, pray for relief as follows:

- A. Unpaid minimum wages, liquidated damages, other due wages, and injunctive relief, pursuant to California law and applicable local laws;
- B. Certification of this action as a class action;
- C. Designation of Plaintiffs as class representatives;
- D. Appointment of Nichols Kaster, LLP as class counsel;
- E. Appropriate equitable relief to remedy Defendant's violations of state law;
- F. Appropriate statutory penalties;
- G. An award of damages and restitution to be paid by Defendant according to proof;
- H. Attorneys' fees and costs of suit, including expert fees, pursuant to Cal. Labor § 1194, California Code of Civil Procedure § 1021.5, San Francisco Admin. Code § 12R.7(c), and San Jose Municipal Code § 4.100.090;
- I. Pre-judgment and post-judgment interest, as provided by law; and
- J. Such other equitable relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

84.     Plaintiffs and Class Members hereby demand a jury trial with respect to all causes of actions and claims for which they have a right to a jury trial.

Dated: May 22, 2015              **NICHOLS KASTER, LLP**

By:   s/Matthew C. Helland
      Matthew C. Helland

Attorneys for Plaintiffs and Others Similarly Situated