Matthew C. Helland (SBN 250451)
helland@nka.com
Daniel S. Brome (SBN 278915)
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

*Attorneys for Plaintiff and the putative class*

ROBERT JON HENDRICKS (SBN 179751)
rhendricks@morganlewis.com
ANDREW P. FREDERICK (SBN 284832)
afrederick@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105-1126
Telephone:    +1.415.442.1000
Facsimile:    +1.415.442.1001

Attorneys for Defendant,
DELTA AIR LINES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>                Plaintiff,<br><br>  vs.<br><br>Delta Air Lines, Inc.,<br><br>                Defendant. | Case No. 3:15-cv-00131-WHO<br><br>**STIPULATION AND ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFFS' WAGE STATEMENT CLAIMS** |

Plaintiffs Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores ("Plaintiffs") and Defendant Delta Air Lines, Inc. ("Delta") (collectively, "the Parties"), by and through their respective counsel of record, stipulate as follows:

WHEREAS, the Court previously set a case management schedule allowing the Parties to file cross motions for summary judgment on Plaintiffs' minimum wage claims prior to class certification, with Defendant agreeing not to assert the one-way intervention doctrine if Plaintiffs prevailed on summary judgment (*see* ECF Nos. 19, 20);

WHEREAS, by order dated December 29, 2015, the Court granted Defendant's motion for summary judgment and denied Plaintiffs' cross motion for summary judgment (ECF No. 45);

WHEREAS, the Court subsequently issued a scheduling order setting an October 5, 2016 deadline for Plaintiffs to file a motion for class certification on their remaining wage statement claims (ECF No. 49);

WHEREAS, another Court in this district recently certified a class of United Airlines pilots asserting wage statement claims similar to those Plaintiffs advance here (*see Ward v. United Airlines, Inc.*, 2016 WL 1161504 (N.D. Cal. Mar. 23, 2016));

WHEREAS, on July 19, 2016, the *Ward* Court granted summary judgment to United Airlines on the pilot class's wage statement claims (*see Ward v. United Airlines, Inc.*, 2016 WL 3906077 (N.D. Cal. July 19, 2016);

WHEREAS, on July 20, 2016, the Parties engaged in unsuccessful mediation of this matter with Jeffrey Ross, Esq.;

WHEREAS, while Plaintiffs expressly retain all arguments that the *Ward* summary judgment decision was wrongly decided and does not control in this case, the existence of the *Ward* case counsels in favor of addressing summary judgment prior to class certification to preserve the resources of the Court and the parties;

WHEREAS, Defendant agrees that the Court should address summary judgment on Plaintiffs' wage statement claims prior to class certification, and agrees that it will not assert the one-way intervention doctrine typically imposed in putative class actions to prevent Plaintiff from moving for class certification if the Court grants Plaintiffs' summary judgment motion.

THEREFORE, the Parties stipulate and agree to the following:

1) The Parties will file cross motions for summary judgment on Plaintiffs' wage statement claims prior to Plaintiffs moving for class certification;

2) The cross motions for summary judgment will proceed on the following briefing schedule:

- November 8, 2016: Deadline for Plaintiffs' Motion
- November 22, 2016: Deadline for Defendant's Motion and Opposition to Plaintiffs' Motion
- December 7, 2016: Deadline for Plaintiff's Reply and Opposition to Defendant's Motion
- December 21, 2016: Deadline for Defendant's Reply
- January 4, 2017: Hearing

3) Defendant will not assert the one-way intervention doctrine typically imposed in putative class actions to prevent Plaintiff from moving for class certification if the Court grants Plaintiffs' summary judgment motion.

4) The Parties request that the Court continue the October 5, 2016 class certification deadline for a date to be set after an order issues on cross motions for summary judgment.

IT IS SO STIPULATED.


Dated: August 26, 2016                          NICHOLS KASTER, LLP


                                                By   /s/Daniel S. Brome
                                                        Matthew C. Helland
                                                        Daniel S. Brome

                                                Attorneys for Plaintiffs and the Class

Dated: August 26, 2016                                MORGAN, LEWIS & BOCKIUS LLP


By   /s/Andrew P. Frederick
   Robert Jon Hendricks
   Andrew P. Frederick

Attorneys for Defendant,
DELTA AIR LINES, INC.

I, Daniel S. Brome, am the ECF user whose identification and password are being used to file this Stipulation and [Proposed] Order Regarding Cross-Motions for Summary Judgment on Plaintiffs' Wage Statement Claims on behalf of Defendant Delta Air Lines, Inc. and Plaintiffs Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores.  In compliance with L.R. 5-1(i)(3), I hereby attest that Andrew P. Frederick concurs in this filing.

## ORDER

Pursuant to the Stipulation Regarding Cross Motions for Summary Judgment on Plaintiffs' Wage Statement Claims, the Court orders as follows:

1) The Parties will file cross motions for summary judgment on Plaintiffs' wage statement claims prior to Plaintiffs moving for class certification;

2) The cross motions for summary judgment will proceed on the following briefing schedule:

- November 8, 2016: Deadline for Plaintiffs' Motion
- November 22, 2016: Deadline for Defendant's Motion and Opposition to Plaintiffs' Motion
- December 7, 2016: Deadline for Plaintiff's Reply and Opposition to Defendant's Motion
- December 21, 2016: Deadline for Defendant's Reply
- January 4, 2017: Hearing

3) Defendant may not assert the one-way intervention doctrine typically imposed in putative class actions to prevent Plaintiff from moving for class certification if the Court grants Plaintiffs' summary judgment motion.

4) The October 5, 2016 class certification deadline is continued, with a date to be set after an order issues on cross motions for summary judgment.

IT IS SO ORDERED.

Dated: August 29, 2016

_____
HONORABLE WILLIAM H. ORRICK
US DISTRICT JUDGE