**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEV ANAND OMAN; TODD EICHMANN; MICHAEL LEHR; ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public,<br>*Plaintiffs-Appellants*,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br>*Defendant-Appellee.* | No. 17-15124<br><br>D.C. No.<br>3:15-cv-00131-WHO<br><br>ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA |

Filed May 9, 2018

Before: Paul J. Watford and Michelle T. Friedland, Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

[*] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[**]

**Certified Questions to California Supreme Court**

The panel certified the following questions of state law to the Supreme Court of California:

> (1) Do California Labor Code §§ 204 and 226 apply to wage payments and wage statements provided by an out-of-state employer to an employee who, in the relevant pay period, works in California only episodically and for less than a day at a time?
>
> (2) Does California minimum wage law apply to all work performed in California for an out-of-state employer by an employee who works in California only episodically and for less than a day at a time? *See* Cal. Labor Code §§ 1182.12, 1194; 8 C.C.R. § 11090(4).
>
> (3) Does the *Armenta*/*Gonzalez* bar on averaging wages apply to a pay formula that generally awards credit for all hours on duty, but which, in certain situations resulting in higher pay, does not award credit for all hours on duty? *See Gonzalez v. Downtown LA Motors, LP*, 155 Cal. Rptr. 3d 18, 20 (Ct. App. 2013); *Armenta v. Osmose, Inc.*, 37 Cal. Rptr. 3d 460, 468 (Ct. App. 2005)?

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified questions set forth in section II of this order.

### I. Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1). The caption of this case is:

> No. 17-15124
>
> DEV ANAND OMAN; TODD EICHMANN; MICHAEL LEHR; ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public, Plaintiffs-Appellants,
>
> v.
>
> DELTA AIR LINES, INC., Defendant-Appellee.

The names and addresses of counsel for the parties are:

> For Plaintiffs-Appellants Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores: Daniel S. Brome and Matthew C. Helland, Nichols Kaster, LLP, 235 Montgomery Street, Suite 810, San Francisco, CA 94104.

For Defendant-Appellee Delta Air Lines, Inc.: Andrew P. Frederick, Robert Jon Hendricks, and Thomas M. Peterson, Morgan Lewis & Bockius LLP, One Market Street, Spear Street Tower, San Francisco, CA 94105.

We designate Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores as the petitioners if our request for certification is granted. They are the appellants before our court.

## II. Certified Questions

We certify to the Supreme Court of California the following three questions of state law:

(1) Do California Labor Code §§ 204 and 226 apply to wage payments and wage statements provided by an out-of-state employer to an employee who, in the relevant pay period, works in California only episodically and for less than a day at a time?

(2) Does California minimum wage law apply to all work performed in California for an out-of-state employer by an employee who works in California only episodically and for less than a day at a time? *See* Cal. Labor Code §§ 1182.12, 1194; 8 C.C.R. § 11090(4).

(3) Does the *Armenta*/*Gonzalez* bar on averaging wages apply to a pay formula that generally awards credit for all hours on duty, but which, in certain situations resulting in

> higher pay, does not award credit for all hours on duty? *See Gonzalez v. Downtown LA Motors, LP*, 155 Cal. Rptr. 3d 18, 20 (Ct. App. 2013); *Armenta v. Osmose, Inc.*, 37 Cal. Rptr. 3d 460, 468 (Ct. App. 2005).

We certify these questions pursuant to California Rule of Court 8.548. The answers to these questions will determine the outcome of the appeal currently pending in our court. We will accept and follow the decision of the California Supreme Court on these questions. Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved.

## III. Statement of Facts

In this case, flight attendants have sued their employer, Delta Air Lines, Inc. (Delta), for alleged violations of California labor law. Delta is a major passenger and cargo airline that operates throughout the United States and the world. It is a Delaware corporation, headquartered in Atlanta, Georgia. From 2012 to 2015, approximately 7% of its almost 22,000 United States-based flight attendants were based out of California airports.

The plaintiffs are four Delta flight attendants, only two of whom reside in California. Dev Anand Oman was a flight attendant for Delta from 2011 to 2014, during which time he lived in New York and was based out of New York's John F. Kennedy Airport. Todd Eichmann and Michael Lehr began working for Delta in 2009, when Delta acquired their previous employer. Eichmann has lived in California and been based out of California's Los Angeles International Airport (LAX) since 2014. Lehr has lived in Nevada and

been based out of California's San Francisco International Airport throughout his time with Delta. Albert Flores has been a flight attendant for Delta since around 2008. He has lived in California and been based out of LAX since 2010. The plaintiffs proposed a class of Delta flight attendants "who have performed work" in California, but they never sought to certify it.

During a sample of the time period in question, the plaintiffs spent at most 14% of their "flight-related working hours" in California. From January 2014 to June 2016, Oman worked 3% of his time in California; Eichmann, 9%; Lehr, 14%; and Flores, 11%. These percentages are not in dispute.

The plaintiffs were paid according to a complicated credit-based pay formula that is explained in the Delta Work Rules. (Because Delta flight attendants are not unionized, the Work Rules, rather than a collective bargaining agreement, govern their pay.) The pay formula calculates a flight attendant's pay by "rotation," which is a set of flights that can include layovers. The pay formula incorporates four different credit calculations. The credit calculations award credits based on different criteria. For example, the Flight Pay calculation awards one credit per hour flown or scheduled to be flown, while the Duty Period Credit calculation awards one credit per two hours on duty. The pay formula compares the result of the four credit calculations to determine which yields the most credits per rotation. Delta then multiplies the highest number of credits by the flight attendant's hourly wage rate (plus additions not relevant here) to determine the flight attendant's pay.

The pay formula at times fails to award credit for all hours on duty, but it never results in an hourly rate that is

Case 3:15-cv-00131-WHO Document 79 Filed 05/11/18 Page 7 of 14

below California's minimum wage. The pay formula can fail to award credit for all hours on duty because the Flight Pay calculation provides credit only for hours flown or scheduled to be flown, not for hours preparing the airplane for passengers, for example. Still, a flight attendant is always paid an above-minimum-wage hourly rate because the Duty Period Credit calculation, in effect, guarantees a flight attendant half her hourly wage rate per hour on duty, and even the lowest flight attendant wage rate is more than double California's minimum wage. The plaintiffs cannot identify a rotation in which they were paid an average hourly wage below California's minimum wage.

The plaintiffs sued Delta in federal court, alleging that the Flight Pay calculation violates California minimum wage law by failing to pay the minimum wage "per hour for all hours worked." 8 C.C.R. § 11090(4)(A); *see Armenta*, 37 Cal. Rptr. 3d at 468. They argue that the Flight Pay formula impermissibly averages a flight attendant's wages for paid, productive time and unpaid, unproductive time. *See Gonzalez*, 155 Cal. Rptr. 3d at 20. They also contend that Delta failed to pay their wages on time, in violation of California Labor Code § 204, and failed to issue them wage statements that complied with California Labor Code § 226. The plaintiffs demand damages and unpaid wages under California Labor Code §§ 1194 and 1194.2; damages and statutory penalties under California Labor Code §§ 203 and 226; civil penalties under the Private Attorneys General Act (PAGA), Cal. Labor Code § 2699; and restitution and attorney's fees under California Business & Professions Code § 17200.

The plaintiffs seek to apply California law to their claims based solely on the location of their work. They seek to

Case: 17-15124, 05/09/2018, ID: 10867602, DktEntry: 47, Page 8 of 14

apply California law to work that lasted only for hours and minutes, not days, in California. They argue that California Labor Code §§ 204 and 226 apply to any pay period in which they performed work in California and that California minimum wage law applies to any work performed in California, however short the duration.

The district court granted summary judgment to Delta and denied it to the plaintiffs in two orders. First, the district court held that Delta complied with California minimum wage law. *Oman v. Delta Air Lines, Inc.*, 153 F. Supp. 3d 1094, 1095 (N.D. Cal. 2015). Second, the district court granted summary judgment on the § 204, § 226, and other remaining claims. *Oman v. Delta Air Lines, Inc.*, 230 F. Supp. 3d 986, 994 (N.D. Cal. 2017). It held that California labor law does not apply to the four plaintiffs because they worked only a *de minimis* amount of time in California. *Id.* at 993–94. The plaintiffs appealed both orders.

We heard oral argument on March 16, 2018. The Air Transport Association of America, Inc., filed an amicus brief in support of Delta. The California Employment Lawyers Association filed an amicus brief in support of the plaintiffs.

On the same day that we heard oral argument in this case, we also heard oral argument in two related cases, *Ward v. United Airlines, Inc.*, No. 16-16415, and *Vidrio v. United Airlines, Inc.*, No. 17-55471. Those cases raise questions about the extraterritoriality of California Labor Code § 226 that are similar to the questions raised here. We are also certifying the state-law questions in *Ward* and *Vidrio* to the California Supreme Court, in a separate certification order.

## IV. Explanation of Certification Request

No controlling California precedent answers the certified questions on the proper territorial reach of the California Labor Code provisions at issue, or on the application of California minimum wage law to a credit-based pay formula. Because the first two certified questions both concern the extraterritorial application of the Labor Code, we explain our certification of those two questions together in section IV.A. We explain our certification of the third question, which arises out of *Armenta* and *Gonzalez*, in section IV.B. The answers to these certified questions matter greatly to the many out-of-state employers whose employees work in California for only brief periods of time.

### A.

There is no controlling California precedent on the question whether California labor law applies to an employee who works for an out-of-state employer and does not work principally, or even for days at a time, in California. The three principles that generally guide our evaluation of the propriety of a potentially extraterritorial application of California law, and the California Supreme Court's application of those principles, do not provide sufficient guidance here.

The first principle is that "[o]rdinarily the statutes of a state have no force beyond its boundaries." *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (Cal. 1916). To evaluate whether a claim seeks to apply the force of a state statute beyond the state's boundaries, courts consider where the conduct that "creates liability" under the statute occurs. *Sullivan v. Oracle Corp.*, 254 P.3d 237, 248 (Cal. 2011); *see*

*also RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2101 (2016) (where the "conduct relevant to the statute's focus occur[s]"). If the conduct that "creates liability" occurs in California, California law properly governs that conduct. *Sullivan*, 254 P.3d at 248; *see also Diamond Multimedia Sys., Inc. v. Superior Court*, 968 P.2d 539, 554 (Cal. 1999). By contrast, if the liability-creating conduct occurs outside of California, California law generally should not govern that conduct (unless the Legislature explicitly indicates otherwise, which it did not in the Labor Code). *See Sullivan*, 254 P.3d at 248.

The second principle is that the proper reach of Labor Code provisions can differ because the provisions regulate different conduct and implicate different state interests. *See id.* at 243–44. For example, because "California's interest in the content of an out-of-state business's pay stubs" may be weaker than its interest in the payment of overtime wages, wage statement provisions may apply more narrowly than overtime provisions do. *See id.* at 243.

The third principle is that courts must balance California's interest in applying its law with considerations of "interstate comity," in order to avoid unnecessary conflicts of state law. *See id.* at 242–43. For example, courts should consider whether the proposed use of California law would displace another state's law or would protect an employee who is otherwise not protected by any state law. *See id.* at 243 (citing *Bostain v. Food Express, Inc.*, 153 P.3d 846 (Wash. 2007)).

The California Supreme Court has applied these principles twice to the Labor Code. *Tidewater* held that wage orders apply to an employee who "resides in California,

receives pay in California, and works exclusively, or principally, in California." *Tidewater Marine W., Inc. v. Bradshaw*, 927 P.2d 296, 309 (Cal. 1996). *Sullivan* held that overtime provisions apply to day-long or week-long work performed in California for a California employer by an out-of-state resident. 254 P.3d at 243, 247.

But with regard to the required strength of the California connection, *Tidewater* did not address whether California law applies to California residents "who work primarily outside California[]," as the California-resident plaintiffs in this case do. 927 P.2d at 309. *Sullivan* did not resolve whether California law applies to nonresident employees who work less than a full day in California, as the nonresident plaintiffs do. *See* 254 P.3d at 242–43. Neither case discussed how to balance California's interest in applying its law to its residents with California's interest in avoiding interstate conflict by not applying its law to an out-of-state employer, such as Delta.

With regard to the different Labor Code provisions, *Sullivan* confined its holding to overtime provisions, leaving uncertain whether it applies to similar minimum wage claims. Neither *Tidewater* nor *Sullivan* considered a statute that focused on an employee's receipt of pay and information about her pay, as § 204 and § 226 do. *See* Cal. Labor Code §§ 204(a), 226(e)(2); *see also Lopez v. Friant & Assocs., LLC*, 224 Cal. Rptr. 3d 1, 6 (Ct. App. 2017); *Morgan v. United Retail, Inc.*, 113 Cal. Rptr. 3d 10, 19 (Ct. App. 2010). If that focus makes the relevant location for a § 204 or § 226 claim the place where the employee receives her pay, does an employee's California residence and receipt of pay in California strengthen California's interest in the content of an out-of-state employer's wage statement? *Cf. Sullivan*,

254 P.3d at 243. Does an employee's out-of-state residence preclude application of California wage-timing or wage-statement law to her?

In short, *Tidewater* and *Sullivan*, even informed by the principles of extraterritoriality, do not allow us to confidently resolve the plaintiffs' California law claims. The claims implicate the proper reach of California labor law, which in turn implicates the wage-and-hour protections given to traveling workers. For this reason, we certify these important questions.

**B.**

There is also no directly controlling California precedent that determines whether Delta's credit-based pay formula implicates California's bar on averaging wages. The California Court of Appeal has held that the "FLSA model of averaging all hours worked in any work week to compute an employer's minimum wage obligation under California law is inappropriate." *Armenta*, 37 Cal. Rptr. 3d at 468 (internal quotation marks omitted). Instead, the "minimum wage standard applies to each hour worked." *Id.*; *see Gonzalez*, 155 Cal. Rptr. 3d at 28. The plaintiffs argue that the Flight Pay calculation violates this rule because, as they correctly note, the calculation does not award credits for "each hour worked." But the plaintiffs' proposed application raises two unresolved issues regarding the proper interpretation of when the bar applies (assuming that it applies at all).

First, *Gonzalez* stated that the bar applies "whenever *an employer and employee have agreed* that certain work will be compensated at a rate that exceeds the minimum wage and other work time will be compensated at a lower rate."

*Gonzalez*, 155 Cal. Rptr. 3d at 29 (emphasis added). Both *Armenta* and *Gonzalez* premised their holdings in part on California Labor Code §§ 221, 222, and 223, which articulate the principle that "all hours must be paid *at the statutory or agreed rate* and no part of this rate may be used as a credit against a minimum wage obligation." *Armenta*, 37 Cal. Rptr. 3d at 467–68 (emphasis added); *see Gonzalez*, 155 Cal. Rptr. 3d at 28. The references to a pay agreement leave unresolved how directly that agreement must link certain work to certain pay to implicate the *Armenta*/*Gonzalez* bar. Does it matter that the Delta Work Rules state that Delta awards credits, rather than hourly pay, for certain work? Does it matter that the Work Rules award credits not only for the exact hours flown, but also for the hours scheduled to be flown, thus somewhat severing the link between certain work and certain pay?

Second, the *Armenta*/*Gonzalez* bar applies when averaging wages "effectively reduces [an employee's] contractual hourly rate" and "results in underpayment of employee wages." *Armenta*, 37 Cal. Rptr. 3d at 467–68; *Gonzalez*, 155 Cal. Rptr. 3d at 28. In this case, the challenged Flight Pay calculation operates only to increase a flight attendant's hourly wage above the guaranteed minimum rate promised under the Duty Period Credit calculation. Does the bar apply to a pay system that effectively increases an employee's hourly rate?

Because existing California precedent does not establish whether the *Armenta*/*Gonzalez* bar properly applies here, we certify the question. Although the question is somewhat fact-intensive, it implicates California's strong interest in enforcing its minimum wage law.

### V.  Accompanying Materials

The clerk of this court is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission.  Further proceedings before us are stayed pending final action by the Supreme Court of California. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the clerk of this court within seven days after the Supreme Court of California accepts or rejects certification, and again within seven days if that court accepts certification and subsequently renders an opinion.  The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**