**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEV ANAND OMAN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant-Appellee. | No. 17-15124 <br><br> D.C. No. 3:15-cv-00131-WHO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 30, 2020
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] District Judge.

Plaintiffs are four current or former flight attendants who seek to represent an uncertified class of Delta Air Lines flight attendants who have performed work in California. They allege that Delta violated provisions of California law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

governing the payment of minimum wages, timing of wage payments, and the format of wage statements. Plaintiffs appeal from the district court's order granting summary judgment to Delta on the minimum-wage claims, and from the court's separate order granting summary judgment to Delta on the timing-of-pay and wage-statement claims. We affirm in part and reverse and remand in part.

**1.** We affirm the district court's entry of summary judgment in Delta's favor on the minimum-wage claims asserted by all plaintiffs. In response to our certification request, the California Supreme Court held that Delta complied with California's minimum-wage laws. *Oman v. Delta Air Lines, Inc.*, 466 P.3d 325, 341 (Cal. 2020). That ruling obviates any need for us to decide whether application of those laws would be impermissibly extraterritorial or would violate the dormant Commerce Clause.

**2.** We reverse and remand the district court's entry of summary judgment in Delta's favor on the timing-of-pay and wage-statement claims asserted by plaintiffs Todd Eichmann, Albert Flores, and Michael Lehr. In its decision in *Oman*, the California Supreme Court held that California Labor Code §§ 204 and 226 apply to flight attendants who either perform a majority of their work in California or who do not perform a majority of their work in any one State and are based for work purposes in California. 466 P.3d at 341. For the reasons stated in our concurrently filed opinion in *Ward v. United Airlines, Inc.*, No. 16-16415, ___

F.3d ___ (9th Cir. 2021), application of this test to flight attendants who meet its requirements does not violate the dormant Commerce Clause.  Although it appears as though plaintiffs Eichmann, Flores, and Lehr may satisfy this test, we remand to the district court for a determination of that issue in the first instance.  We also remand to the district court to determine in the first instance whether Delta complied with §§ 204 and 226, assuming these plaintiffs establish that they meet the requirements of the California Supreme Court's test.

The record establishes that plaintiff Dev Oman does not meet the requirements of the California Supreme Court's test, so we affirm the district court's entry of summary judgment in Delta's favor on the timing-of-pay and wage-statement claims asserted by Oman.

**AFFIRMED in part; REVERSED and REMANDED in part.**

The parties shall bear their own costs.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)    A.    **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

     B.    **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
▶ The proceeding involves a question of exceptional importance; or
▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**  **Date**

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10** *Rev. 12/01/2018*