1   Matthew C. Helland, CA State Bar No. 250451
2   helland@nka.com
    Daniel S. Brome, CA State Bar No. 278915
3   dbrome@nka.com
    NICHOLS KASTER, LLP
4   235 Montgomery St, Suite 810
    San Francisco, CA  94104
5   Telephone: (415) 277-7235
    Facsimile: (415) 277-7238
6
7   Attorneys for Plaintiffs and the putative class

8

9                  **IN THE UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11  Dev Anand Oman, Todd Eichmann, Michael       **Case No. 3:15-CV-00131-WHO**
    Lehr, and Albert Flores, individually, on behalf
12  of others similarly situated, and on behalf of   **PLAINTIFFS' NOTICE OF MOTION AND**
    the general public,                              **MOTION FOR CLASS CERTIFICATION,**
13                                                   **AND MEMORANDUM OF LAW IN**
                              Plaintiffs,            **SUPPORT**
14
15       v.                                          Date:        September 27, 2023
                                                     Time:        2:00 p.m.
16  Delta Air Lines, Inc.,                           Courtroom: 2, 17th Floor
                                                     Judge:       Hon. William H. Orrick
17                            Defendant.

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:15-CV-00131-WHO

1
2
3
4

TO DEFENDANT AND ITS COUNSEL OF RECORD: Please take notice that on September 27, 2023, at 2:00 p.m. in Courtroom 2 on the 17th Floor of the above-captioned Court, Plaintiffs will and hereby do move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify the following class:

5
6
7
8

> All persons who were employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs.

9
10
11
12

In conjunction with class certification, Plaintiffs seek an order appointing Plaintiffs Todd Eichmann and Albert Flores as class representatives, appointing Nichols Kaster, LLP as class counsel, approving Plaintiffs' proposed form of notice for distribution to the class, and ordering Defendant to produce a class list to facilitate distribution of notice.

13
14
15
16
17

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Supporting Declaration of Matthew Helland and accompanying exhibits, the Declarations of Plaintiffs Eichmann and Flores, the Declaration of Alexander Wise, the Parties' Stipulation Regarding Wage Statement Format, arguments of counsel, and the papers, records, and pleadings on file in this matter.

18
19
20

Dated: August 4, 2023

NICHOLS KASTER, LLP

By:    s/Matthew C. Helland
       Matthew C. Helland
       Daniel S. Brome

21
22
23

Attorneys for Plaintiffs and the putative class

24
25
26
27
28

1
2

# **TABLE OF CONTENTS**

3   TABLE OF AUTHORITIES .............................................................................................iii

4   MEMORANDUM OF LAW ............................................................................................ 1

5   I.    INTRODUCTION ................................................................................................. 1

6   II.   PROCEDURAL HISTORY ................................................................................... 1
7
8   III.  FACTS ................................................................................................................. 3

9         A.   Plaintiffs and Putative Class Members were Based in California and did not
              Work More than 50% of their Time in Any One State ............................ 3
10
11        B.   The Contents of Delta's Non-Compliant Wage Statements ................... 4

12  IV.   ARGUMENT ....................................................................................................... 5

13        A.   The Court Should Grant Class Certification ......................................... 5

14             1.  Numerosity is satisfied – Rule 23(a)(1) ......................................... 7
               2.  Commonality is satisfied – Rule 23(a)(2) ...................................... 7
15
16                  *a.  The legality of Delta's wage statements presents a common question .. 8*
                    *b.  The existence of a statutory injury presents a common question .......... 8*
17                  *c.  Delta's knowing and intentional violation presents a common
                        question ...................................................................................... 9*
18                  *d.  The application of Section 226 to Delta's California-based flight
                        attendants is a common question ...................................... 9*
19
20             3.  Typicality is satisfied – Rule 23(a)(3) ........................................ 10
               4.  Adequacy is satisfied – Rule 23(a)(4) ........................................ 11
21             5.  Common questions predominate over individual questions – Rule 23(b)(3) . 12
               6.  A class action is superior to individual litigation – Rule 23(b)(3) ................. 13
22
23        B.   The Court Should Appoint Plaintiffs' Counsel as Class Counsel and Plaintiffs as
              Class Representatives ...................................................................... 13
24
25        C.   The Court Should Approve Plaintiffs' Proposed Notice .................... 14

26  V.    CONCLUSION .................................................................................................. 14

27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Abdeljalil v. Gen. Elec. Cap. Corp.*,
306 F.R.D. 303 (S.D. Cal. 2015) .................................................................................. 4

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ............................................................................................... 5, 12

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................................. 12, 13

*Bentley v. Honeywell Int'l, Inc.*,
223 F.R.D. 471 (S.D. Ohio 2004) ................................................................................ 6

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ..................................................................................................... 5

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ..................................................................................................... 5

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir.1998) ..................................................................................... 10

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ...................................................................................... 11

*Harris v. Palm Springs Alpine Ests., Inc.*,
329 F.2d 909 (9th Cir. 1964) ........................................................................................ 7

*Humes v. First Student, Inc.*,
758 Fed. App'x 593 (9th Cir. 2019) ............................................................................. 8

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550 (D. Kan. Mar. 10, 2020) ...................... 6

*Johnson v. City of Grants Pass*,
50 F.4th 787(9th Cir. 2022) .......................................................................................... 7

*La Caria v. Northstar Location Services LLC*,
2020 WL 2771185 (D. Nev. May 28, 2020) ............................................................... 11

*Morgan v. Rohr*, 2022 WL 974334
(S.D. Cal. Mar. 31, 2022).............................................................................................. 7

*Naranjo v. Spectrum Security Services, Inc.*
Case No. S279397 (Review Granted May 31, 2023).................................................... 6

-iii-

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
    31 F.4th 651 (9th Cir. 2022) ........................................................................... 5

*Oman v. Delta Air Lines, Inc.,*
    9 Cal. 5th 762 (2020) ..................................................................................... 2

*Oman v. Delta Air Lines, Inc.,*
    835 F. App'x 272 (9th Cir. 2021) ................................................................... 2

*Oman v. Delta Air Lines, Inc.,*
    610 F. Supp. 3d 1257 (N.D. Cal. 2022) .................................................. *passim*

*Parsons v. Ryan,*
    754 F.3d 657 (9th Cir. 2014)................................................................... 10, 11

*Ruiz Torres v. Mercer Canyons Inc.,*
    835 F.3d 1125 (9th Cir. 2016)........................................................................ 12

*Sandoval v. Cnty. of Sonoma,*
    No. 11-CV-05817-TEH, 2015 WL 1926269 (N.D. Cal. Apr. 27, 2015) ........... 6

*Sibley v. Sprint Nextel Corp.,*
    254 F.R.D. 662 (D. Kan. 2008)........................................................................ 6

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ......................................................................... 11

*Tyson Foods, Inc. v. Bouaphakeo,*
    577 U.S. 442 (2016)........................................................................................ 12

*Vvanti v. O'Reilly Auto Enterprises, LLC,*
    2023 WL 4445531 (C.D. Cal. July 10, 2023) ................................................... 7

*Wang v. Chinese Daily News, Inc.,*
    737 F.3d 538 (9th Cir. 2013)............................................................................ 7

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)..................................................................................... 5, 7

*Ward v. United Airlines, Inc.,*
    9 Cal. 5th 732 (2020) .................................................................................... 2,3

*Ward v. United Airlines, Inc.,*
    986 F.3d 1234 (9th Cir. 2021)......................................................................... 2

-iv-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Rules

Fed. R. Civ. P. 23(a) ................................................................................................ 5

Fed. R. Civ. P. 23(a)(1) ........................................................................................... 7

Fed. R. Civ. P. 23(b) ................................................................................................ 5

Fed. R. Civ. P. 23(b)(3) ................................................................................. 5, 12, 13

Fed. R. Civ. P. 23(g) .............................................................................................. 13

## Regulations

Cal. Lab. Code § 226(a)(2) ................................................................................... 6, 8

Cal. Lab. Code § 226(a)(9) ................................................................................... 6, 8

Cal. Lab. Code § 226(e) ................................................................................... 6, 9, 13

Cal. Lab. Code § 226(e)(2)(B) ............................................................................. 6, 8

PLAINTIFFS' MOTION FOR CLASS
                                                                                    CERTIFICATION

## MEMORANDUM OF LAW

### I.     INTRODUCTION

After a journey to the California Supreme Court by way of the Ninth Circuit to adjudicate the scope of California Labor Code Section 226 as applied to employees who travel in interstate commerce, and after this Court resolved all merits questions regarding the form of wage statements at issue in this case,[1] Plaintiffs now return before the Court seeking class certification for their single remaining Labor Code claim for a short, ten-month period in 2022. The Court should grant Plaintiffs' motion because all members of the putative class received the same wage statement— which this Court has already deemed non-compliant—and there are no individualized issues surrounding class members' eligibility to receive code-compliant wage statements. The proposed class is defined to include only flight attendants based at California airports, and as this Court previously found, Labor Code Section 226 does not require that employees "calculate the amount of time spent working in-state and out-of-state for every single pay period at issue in order to obtain California-compliant wage statements." *Oman v. Delta Air Lines, Inc.*, 610 F. Supp. 3d 1257, 1269 (N.D. Cal. 2022). Nevertheless, an analysis of Delta's flight records show that only *one percent* of trips during the class period were intrastate flights in states other than California. As such, there is no reasonable possibility that class members spent more than 50% of their work time in a single state other than California. California law therefore applies to all California-based flight attendants, and the Court should grant certification.

### II.    PROCEDURAL HISTORY

Plaintiff Dev Oman filed this putative class action on January 9, 2015. (ECF No. 1.) He amended his complaint on May 22, 2015, adding Todd Eichmann and Michael Lehr as additional Plaintiffs. (ECF No. 24.) The parties filed cross motions for summary judgment on Plaintiffs' California minimum wage claims, and on December 29, 2015, this Court granted Delta's motion for partial summary judgment and denied Plaintiffs' cross-motion. (ECF No. 45.)

---

[1] Defendant waived one way intervention arguments so allow merits questions to proceed prior to class certification. *See* ECF Nos. 19, 57.

1    Plaintiffs amended their complaint again on February 10, 2016, adding Albert Flores as an

2  additional Plaintiff. (ECF No. 52.) The parties then filed cross motions for summary judgment on

3  Plaintiffs' remaining claims, and on January 6, 2017, this Court granted Delta's motion and

4  denied Plaintiffs' cross-motion. (ECF No. 68.) The Court entered judgment the same day. (ECF

5  No. 69.) Plaintiffs appealed. (ECF No. 70.)

6    The Ninth Circuit certified three questions to the California Supreme Court, which

7  accepted review. (ECF No. 79.) Those questions addressed whether California Labor Code

8  sections 226 and 204 applies to Plaintiffs, whether California's minimum wage law applies to

9  Plaintiffs, and whether Delta's flight attendant pay structure violates California's minimum wage

10  law. *See Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762, 772 (2020). The California Supreme Court

11  held that flight attendants like Plaintiffs are protected by Labor Code sections 226 and 204 if they

12  do not spend the majority of their time working in one state, and they are based for work purposes

13  in California. *See id.* at 773; *see also Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 755–56 (2020)

14  (heard in conjunction with this case on certified questions from the same Ninth Circuit panel).

15  The Supreme Court also held that Delta's flight attendant pay structure does not violate

16  California's minimum wage law. *Oman*, 9 Cal. 5th at 789.

17    After review of the California Supreme Court's answers to the three certified questions,

18  the Ninth Circuit affirmed this Court's judgment in Delta's favor on Plaintiff's minimum wage

19  claims and on Plaintiff Oman's Section 226 and 204 claims (since Oman was not based in

20  California). *Oman v. Delta Air Lines, Inc.*, 835 F. App'x 272-73 (9th Cir. 2021), *cert. denied,* 142

21  S. Ct. 755 (2022). The Ninth Circuit reversed this Court's decision granting judgment in Delta's

22  favor on the Section 226 and 204 claims held by Plaintiffs Lehr, Eichmann, and Flores,

23  concluding that application of Sections 226 and 204 as outlined by the California Supreme Court

24  would not violate the dormant Commerce Clause. *Id.*; *see also Ward v. United Airlines, Inc.*, 986

25  F.3d 1234 (9th Cir. 2021) (outlining the panel's dormant Commerce Clause analysis). The Ninth

26  Circuit remanded for this Court to determine whether Delta complied with sections 226 and 204

27  and whether Plaintiffs meet the Supreme Court's test for coverage under these Labor Code

28  provisions. *Id.*

1    The Ninth Circuit issued its mandate on April 21, 2021. (ECF No. 83.) This Court then

2  adopted the Parties' proposal for a period of continued discovery followed by cross motions for

3  summary judgment on Plaintiffs' remaining claims. (ECF Nos. 86, 90.) The Court continued

4  these deadlines several times while the United States Supreme Court considered Delta's petition

5  for a writ of certiorari. (*See* ECF Nos. 92-97.) The United States Supreme Court denied Delta's

6  petition on January 10, 2022. (ECF No. 98.)

7    On July 8, 2022, this Court granted summary judgment to Plaintiffs on their Section 226

8  wage statement claims for the time period starting January 10, 2022. *Oman, Inc.*, 610 F. Supp. 3d

9  1257. In reaching that conclusion, the Court held that the California Supreme Court's ruling in

10  *Ward v. United Airlines*, 9 Cal. 5th 732 (2020) did not require that employees "calculate the

11  amount of time spent working in-state and out-of-state for every single pay period at issue in

12  order to obtain California-compliant wage statements." *Id.* at 1269. The Court then reviewed

13  Plaintiffs' showing that fewer than 1% of their total flights were intrastate flights in states other

14  than California. *Id.* The Court held:

15    > Because Duty Periods start and end in California for all California-based flight
      > attendants, flight attendants must fly from California to another state at the
16    > beginning of the Rotation, and to California from another state at the end of the
      > Rotation. Pl. Reply at 10. Unless plaintiffs were to staff a significant number of
17    > intrastate flights outside of California, I cannot conceive how they could work
      > more than fifty percent of their time in any state. Wise's calculations show that
18    > plaintiffs worked a miniscule number of intrastate flights outside of California,
      > thus eliminating that possibility.
19

20  *Id.* The Court went on to hold that even one pay period where Plaintiff Flores worked

21  exclusively in Utah (to undergo training) did not eliminate Plaintiff Flores' right to

22  California-compliant paystubs. *Id.* at 1270.

23  **III.    FACTS**

24    **A.    Plaintiffs and Putative Class Members were Based in California and did not

25         Work More than 50% of their Time in Any One State**

26    Plaintiffs Eichmann and Flores are based at California airports as Delta flight attendants.

27  (Eichmann Decl. ¶ 3; Flores Decl. ¶ 3.) Because Plaintiffs staffed flights that carried them across

28  the United States and the world, they did not spend more than 50% of their work time in any one

state. *Oman*, 610 F. Supp. 3d at 1269 ("Wise's calculations show that plaintiffs worked a miniscule

1  number of intrastate flights outside of California").

2         The proposed class includes 1, 495 flight attendants, all of whom were based at California

3  airports and flew flights between January 10, 2022 and September 30. 2022. (Wise Decl. ¶ 10(d).)[2]

4  Like the Named Plaintiffs, these flight attendants flew flights that took them across the United

5  States and the world. And like the Named Plaintiffs, putative class members flew very few

6  intrastate flights. (*See* Wise Decl. ¶ 10.) Delta's flight records show 198,202 flights flown by

7  California-based flight attendants between January 10, 2022 and September 30, 2022. (*Id.* ¶ 10(b).)

8  Of those flights, only 3,623, or 1.8%, were intrastate flights within the state of California. (*Id.* ¶

9  10(b)(iii).) Only 2,183, or 1.1%, were intrastate flights in states other than California—i.e., flights

10  that took off and landed in the same state, in a state other than California. (*Id.* ¶ 10(b)(i).) Some of

11  these flights had the same departure and arrival airport, with a median block time of 28 minutes, *id.*

12  ¶ 10(c), suggesting that these flight may have left the gate but not taken off, or returned to the

13  airport after a short, aborted flight. Removing flights that departed and arrived at the same airport,

14  only 1,280 flights flown by California-based flight attendants were non-California intrastate

15  flights—less than 1% of all flights flown by California-based flight attendants. (*Id.* ¶ 10(b)(ii).)

16         **B.   The Contents of Delta's Non-Compliant Wage Statements**

17         During the time period at issue, Delta used the same form of wage statement for all

18  California-based flight attendants. (Stipulation re Wage Statement Format, concurrently filed

19  herewith ("Wage Statement Stip").) In granting summary judgment to Plaintiffs, the Court

20  reviewed this form of wage statement. (*See* ECF Nos. 104-1; 104-2 (Eichmann and Flores 2022

21  wage statements); *Oman*, 610 F. Supp. 3d at 1276-77 (noting Plaintiffs' 2022 wage statements).)

22  The Court determined that these wage statements did not comply with California law. (*Id.* at

23  1278.) Delta changed its wage statements after the statement issued October 7, 2022. (Wage

24  Statement Stip.) The revised wage statements are not at issue in this case because Plaintiffs limit

25  their proposed class to the time period from January 10, 2022 through October 7, 2022.

26

27  [2] The end date of Plaintiffs' proposed class is October 7, 2022 because that is the last date Delta
   issued the form of wage statement Plaintiffs' challenge here. That wage statement covered the
28  work period ending September 30, 2022. *See, e.g.*, Eichman Decl. Exh. A.

1  **IV.    ARGUMENT**

2      A class action "saves the resources of both the courts and the parties by permitting an issue

3  potentially affecting every class member to be litigated in an economical fashion[.]" *Gen. Tel. Co.*

4  *of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701

5  (1979)) (cleaned up). Every class action must meet the four prerequisites of Rule 23(a):

6  numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). A class action must

7  also be maintainable under Rule 23(b). Certification is appropriate under Rule 23(b)(3) where

8  common questions predominate over individual ones and a class action is superior to other

9  available methods of adjudication. Fed. R. Civ. P. 23(b)(3). Importantly, "the office of a Rule

10  23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the method best

11  suited to adjudication of the controversy fairly and efficiently." *Amgen Inc. v. Conn. Ret. Plans &*

12  *Tr. Funds*, 568 U.S. 455, 460 (2013) (cleaned up). And, though a court may grant certification

13  only after conducting a "rigorous analysis" confirming that the requirements are met, *Wal-Mart*

14  *Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), a plaintiff need only "prove the facts necessary to

15  carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance

16  of the evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651,

17  665 (9th Cir. 2022). Plaintiffs have done that here. The Court should therefore certify the

18  following class:

19          All persons who were employed by Delta Air Lines, Inc. as flight attendants

20          based at a California airport at any time from January 10, 2022 through October 7,

21          2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-

22          Out Programs.

23      **A.    The Court Should Grant Class Certification**

24      Plaintiffs' proposed class is narrowly-defined and tailored to the rulings and evidence in

25  this litigation. For example, Plaintiffs' proposed class period starts January 10, 2022—the date on

26  which Delta may no longer assert a good faith defense to imposition of wage statement penalties.

27

28

1    *See Oman*, 610 F. Supp. 3d at 1277.[3] Similarly, Plaintiffs' proposed class ends on October 7,

2    2022, the date on which Delta issued its last wage statement in the form at issue. (Wage

3    Statement Stip). Accordingly, Plaintiff has conformed her class definition to the evidence

4    produced during discovery. *See Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303, 306 (S.D.

5    Cal. 2015) (plaintiff may seek certification of a narrower class than the class pled in the

6    complaint); *Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 1926269, at *2

7    (N.D. Cal. Apr. 27, 2015) ("While a party moving for class certification cannot *expand* the class

8    definition, the party can *narrow* the definition used in the complaint."); *In re EpiPen*

9    *(Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ,

10   2020 WL 1180550, at *27 (D. Kan. Mar. 10, 2020) (quoting *Sibley v. Sprint Nextel Corp.*, 254

11   F.R.D. 662, 671 (D. Kan. 2008)) ("'[T]he [c]ourt and parties are authorized' to narrow the class

12   definitions '[i]f the class definition should require tailoring as the litigation progresses[.]'");

13   *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004) ("[C]lass definitions

14   obviously are tailored to the specifics of every case.").

15          At issue is Plaintiffs' claim that Delta's wage statements do not comply with Section

16   226(a) because, among other things, they do not list the total hours worked or the hours worked at

17   each rate of pay. *See* Cal. Lab. Code §§ 226(a)(2), 226(a)(9). For liability to attach across the

18   class, Plaintiffs must show that they suffered statutory injury due to the absence of required

19   information, *see* Cal. Lab. Code § 226(e)(2)(B), and that Delta's violations were "knowing and

20   intentional." Cal. Lab. Code § 226(e). As outlined below, the Court should certify the proposed

21   Rule 23 class because the remaining wage statement claims will be resolved based on common

22   questions the Court has already answered as to the Named Plaintiffs.

23

24   [3] The California Supreme Court recently accepted review for a second time in *Naranjo v.*
     *Spectrum Security Services, Inc.* (*Naranjo II)*, Case No. S279397 (Review Granted May 31,
25   2023). The case will address whether a defendant can assert a good faith defense to wage
     statement penalties. Plaintiffs have elected to move this case to trial based on the Court's
26   summary judgement ruling since they retain the right to appeal that ruling after a final judgment.
     If *Naranjo II* provides grounds for reversal of this Court's summary judgment ruling, Plaintiffs
27   may return to the Court after appeal to include the time period prior to January 10, 2022 in an
28   expanded class.

### 1.   Numerosity is satisfied – Rule 23(a)(1)

A class must be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022) (quoting *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (quotation marks in original); *see e.g.*, *Vvanti v. O'Reilly Auto Enterprises, LLC*, 2023 WL 4445531, at *3 (C.D. Cal. July 10, 2023) (numerosity satisfied in wage statement case for class of over 100 members). Further, "no specific number of class members [is] required[, but] proposed classes of less than fifteen are too small while classes of more than sixty are sufficiently large." *City of Grants Pass*, 50 F.4th at 803 (internal citations omitted).

Here, there are approximately 1,495 flight attendants in the class. (Wise Decl. ¶ 10(d).) Given the straightforward issues presented in Plaintiffs' wage statement claims, it would be inconvenient and impractical to address the same issue separately for each class member. Plaintiffs satisfy numerosity.

### 2.   Commonality is satisfied – Rule 23(a)(2)

The commonality inquiry is whether there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). But all questions need not be common. Rather "[a] class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class." *City of Grants Pass,* 50 F.4th at 804 (citing *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013)). There must be a contention that is "capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350.

"[I]n wage statement cases, courts have held that commonality is satisfied if the employer provides its employees with 'wage statements in substantially the same format' that are deficient in the same ways." *Vvanti*, 2023 WL 4445531, at *9 (quoting *Morgan v. Rohr*, 2022 WL 974334, at *20 (S.D. Cal. Mar. 31, 2022)). Where all class members receive the same form of wage statement, "the question of the legality of those statements [is] capable of classwide resolution." *Id.* "Moreover, because an injury can be established with reference to the employer's wage

1  statement practices and the lack of information on the wage statement itself, injury can be

2  established on a classwide basis." *Id.* (citing *Humes v. First Student, Inc.*, 758 Fed. App'x 593,

3  596 (9th Cir. 2019)). Here, the class is bound by at least four common questions: 1) the legality of

4  Delta's wage statements; 2) whether the absence of required information leads to statutory injury;

5  3) whether Delta's violations were "knowing and intentional," and 4) putative class members'

6  entitlement to the protection of California law.

7                *a.*   *The legality of Delta's wage statements presents a common question*

8          The first common question is whether Delta's wage statements violate Section 226. The

9  question is common because all putative class members received the same form of wage

10  statement. (Wage Statement Stip.) The answer to this common question is clear, and is already

11  the law of the case:

12        It is undisputed that Delta's wage statements do not show the 'total hours
   worked,' even though this information is required pursuant to section 226(a)(2).

13        . . .
   It is undisputed that Delta's wage statements do not show all 'hours worked at

14        each hourly rate' of pay, even though this information is required pursuant to
   section 226(a)(9).

15  *Oman*, 610 F. Supp. 3d at 1271. Likewise, the Court has already rejected Delta's arguments that

16  its unique compensation system warrants an exemption from Section 226. *See id.* ("Despite the

17  plain language of section 226(a), Delta advances four arguments that its wage statements

18  nonetheless comply. None has merit.") Accordingly, the question of whether the wage statements

19  Delta issued between January 10, 2022 and October 7, 2022 comply with the law is common

20  across the class.

21                *b.*   *The existence of a statutory injury presents a common question*

22          The existence of statutory injury is likewise common across the class. Per the Labor Code,

23  " An employee is deemed to suffer injury . . . if the employer fails to provide accurate and

24  complete information as required by any one or more of items (1) to (9), inclusive, of subdivision

25  (a) and the employee cannot promptly and easily determine from the wage statement alone . . .

26  any of the other information required to be provided on the itemized wage statement pursuant to

27  items (2) to (4), inclusive, (6), and (9) of subdivision (a)." Cal. Lab. Code § 226(e)(2)(B). The

28  Court already addressed this question:

1
2
3
4

> Plaintiffs point to deposition testimony from Kathleen Dixon, Delta's corporate designee and payroll specialist, in which she testified that she could not determine how many hours each plaintiff worked or the relevant rates of pay from the wage statements. . . . As plaintiffs note, if Delta's payroll specialist is unable to determine the relevant information from the wage statements, then a reasonable person would certainly not be able to readily do so. . . . Delta does not respond to or otherwise rebut plaintiffs' evidence of injury.

5
6

> Based on the undisputed evidence, plaintiffs have shown injury under section 226(e).

7

*Oman*, 610 F. Supp. 3d at 1278. This common question supports certification.

8

               *c.*   *Delta's knowing and intentional violation presents a common question*

9

Plaintiffs must show that Delta knowingly and intentionally violated California's wage

10

statement requirements. *See* Cal. Lab. Code § 226(e). This is another common question the Court

11

already answered:

12
13
14
15
16

> In light of the legal landscape after January 10, 2022, Delta could not have reasonably believed that its wage statements complied with the California Labor Code. Because Delta is entitled to a good faith defense for the wage statement violations which occurred on or before January 10, 2022, it is not liable for any statutory damages for those violations. Delta is not entitled to a good faith defense for the wage statements violations that occurred after January 10, 2022. As a result, I find that Delta knowingly and intentionally violated section 226(a) for the wage statements at issue for the period after January 10, 2022, to present.

17

*Oman*, 610 F. Supp. 3d at 1277. The answer to this common question is already the law of the

18

case, and supports class certification.

19

               *d.*   *The application of Section 226 to Delta's California-based flight*
                     *attendants is a common question*

20

Lastly, the question of whether class members are entitled to the protection of Section 226

21

is a common question. As this Court previously noted, "flight attendants . . . who do not perform

22

a majority of their work in any single state and are based for work purposes in California are

23

entitled to wage statements that comply with California law." *Oman*, 610 F. Supp. 3d at 1268. In

24

granting summary judgment to Plaintiffs, the Court considered "whether plaintiffs must show that

25

they qualify under *Ward* for every pay period at issue in the case." *Id.* The Court agreed with

26

Plaintiffs' position that the Supreme Court's test for application of Section 226 "was intended to

27

capture significant changes in employment—such as being assigned a different home base airport,

28

or taking on a new position—and not minute changes based on the number of intrastate flights

scheduled per each pay period." *Id.* The Court rejected the proposition that flight attendants are "required to calculate the amount of time spent working in-state and out-of-state for every single pay period at issue in order to obtain California-compliant wage statements." *Id.* at 1269. Instead, the Court looked more broadly at whether Plaintiffs performed more than 50% of their work in a state other than California.

At summary judgment, Plaintiffs showed that a miniscule percentage of their flights stayed within a state other than California. *See Oman*, 610 F. Supp. 3d at 1269 ("Eichmann worked 1,607 flights, of which only 6 were non-California intrastate flights. . . . And of the 1,984 flights worked by Flores, only 16 were intrastate flights in states other than California."). After reviewing the evidence, the Court concluded that "plaintiffs do not spend a majority of their time working in any one state." *Id.* The Court reasoned:

> Because Duty Periods start and end in California for all California-based flight attendants, flight attendants must fly *from* California to another state at the beginning of the Rotation, and *to* California from another state at the end of the Rotation. Pl. Reply at 10. Unless plaintiffs were to staff a significant number of intrastate flights outside of California, I cannot conceive how they could work more than fifty percent of their time in any state. Wise's calculations show that plaintiffs worked a miniscule number of intrastate flights outside of California, thus eliminating that possibility.

*Id.*

Discovery has shown that the data remains consistent across the class. Just over one percent of Class Members' flights were intrastate flights in states other than California (and that number drops below one percent if flights returning to the departure flight are removed). (Wise Decl. ¶ 10.) Accordingly, class members' entitlement to California wage statements is a common question that supports class certification.

### 3.   Typicality is satisfied – Rule 23(a)(3)

Rule 23(a) requires that the class representative's claims are typical of those of the potential class members. Fed. R. Civ. P. 23(a)(3). Typicality is a "permissive standard[]," existing if the class representative's claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998)). This is because typicality "refers to the nature of the claim or defense of the class representative, and not to the

1   specific facts from which it arose or the relief sought." *Parsons,* 754 F.3d at 685 (quoting *Hanon*

2   *v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Plaintiffs Eichmann and Flores

3   have claims that are typical of other class members—namely that the wage statements Delta

4   provided them failed to comply with California law, and they suffered statutory injury as a result.

### 4.   Adequacy is satisfied – Rule 23(a)(4)

6      Rule 23(a)(4) requires that the representative party fairly and adequately protect the

7   interests of the class. The bar is "low." *La Caria v. Northstar Location Services, LLC*, 2020 WL

8   2771185, at *6 (D. Nev. May 28, 2020). Representation is adequate if the class representative and

9   their counsel: (1) do not have conflicts of interest with other class members; and (2) will

10  prosecute the action vigorously on behalf of the class. *See Staton v. Boeing Co.*, 327 F.3d 938,

11  957 (9th Cir. 2003); *Ellis*, 657 F.3d at 985.

12     Here, Plaintiffs Eichmann and Flores have no conflicts with other class members. Like the

13  other class members, Plaintiffs are California-based flight attendants who received the form of

14  wage statement at issue here. Moreover, Plaintiffs understand their roles as class representatives

15  and have stayed involved in this case over its long history. (Eichmann Decl. ¶¶ 4-5; Flores Decl.

16  ¶¶ 4-5.) Plaintiffs provided declarations for substantive motions, sat for their depositions, and

17  participated in discovery. (*See*, *e.g.*, ECF Nos. 58-19, 58-21, 99-22, 99-23, 104-1, 104-2;

18  Eichmann Decl. ¶ 4; Flores Decl. ¶ 4.)

19     Proposed Class Counsel, too, has adequately and fairly represented the class, and will

20  continue to do so. Counsel has vigorously and effectively prosecuted the case for over eight years,

21  advocating for class members' rights at the Ninth Circuit and the California Supreme Court.

22  Proposed class counsel are well-qualified, experienced, and able to conduct this litigation. (*See*

23  Helland Decl. ¶¶ 4-6.) Over the course of its forty-nine year history, Nichols Kaster has earned

24  the reputation of being a top plaintiffs' litigation firm. (*See* Helland Decl. Exh. 1.) The firm

25  represents consumers and employees across the country in individual, collective, and class

26  litigation. (*Id.*) Its lawyers are routinely lauded for their work and high quality of representation.

27  (*See id.*)  The firm has been appointed class or collective counsel on numerous occasions in

28  federal courts around the country. (*See* Helland Decl. ¶¶ 5-6; Helland Decl. Exh. 1.) Counsel in

1    this case are Matthew Helland and Daniel Brome, both of whom are well-versed in class action

2    law, have a depth of experience litigating complex class actions, and are dedicated to serving the

3    classes they represent. (Helland Decl. ¶¶ 5-6.) Their and their firm's proven results show that they

4    are willing to put forward the resources necessary to pursue the case through verdict. (Helland

5    Decl. ¶¶ 4-6; Helland Decl. Exh. 1.)

6        **5.    Common questions predominate over individual questions – Rule 23(b)(3)**

7        Predominance is satisfied where "questions of law or fact common to class members

8    predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The

9    question is "whether proposed classes are sufficiently cohesive to warrant adjudication by

10   representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting *Amchem*

11   *Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "Predominance is not, however, a matter of

12   nose-counting." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

13   "Rather, more important questions apt to drive the resolution of the litigation are given more

14   weight in the predominance analysis over individualized questions which are of considerably less

15   significance to the claims of the class." *Id.* Put differently:

16       [t]he predominance inquiry asks whether the common, aggregation-enabling,
         issues in the case are more prevalent or important than the non-common,
17       aggregation-defeating, individual issues. When one or more of the central issues in
         the action are common to the class and can be said to predominate, the action may
18       be considered proper under Rule 23(b)(3) even though other important matters will
         have to be tried separately, such as damages or some affirmative defenses peculiar
19       to some individual class members.

20

21   *Tyson*, 577 U.S. at 453 (internal citations and quotations omitted). That is, "Rule 23(b)(3) . . .

22   does *not* require a plaintiff seeking class certification to prove that each element of her claim is

23   susceptible to classwide proof[.] What the rule does require is that common questions

24   predominate over any questions affecting only individual class members." *Amgen,* 568 U.S. at

25   469 (internal citations and quotations omitted).

26       Here, common questions on Plaintiffs' wage statement claims predominate over any

27   individual issues, as evidenced by the Court's summary judgment ruling in Plaintiffs' favor based

28   on evidence that will be common amongst the class. The wage statements at issue are the same.

1   The statutory injury is based on those wage statements, meaning the injury is the same. Delta's

2   lack of good faith is based on the rulings in this case and Delta's knowledge that it must comply

3   with California law—an issue that is common to the entire class. And class members were all

4   based in California, flying the same flight rotations, which involved a miniscule amount of

5   intrastate flying in states other than California. After certification, Plaintiffs will ask the Court to

6   confirm summary judgment on behalf of the class and issue an award of penalties based on the

7   number of pay periods in the class period—a ruling that can be made based on a spreadsheet.

8   Common issues predominate.

9             **6.    A class action is superior to individual litigation – Rule 23(b)(3)**

10          The superiority requirement is satisfied when "a class action would achieve economies of

11   time, effort, and expense, and promote… uniformity of decision as to persons similarly situated,

12   without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521

13   U.S. at 615 (alteration in original). Relevant considerations include: "(A) the class members'

14   interests in individually controlling the prosecution or defense of separate actions; (B) the extent

15   and nature of any litigation concerning the controversy already begun by or against class

16   members; (C) the desirability or undesirability of concentrating the litigation of the claims in the

17   particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P.

18   23(b)(3).

19          Here, the class claims will be resolved on summary judgment. The law of the case

20   compels judgment in favor of the class. Penalties under Section 226(e) are non-discretionary and

21   are based on the number of pay periods issued. There is no reason for any class member to pursue

22   their wage statement penalties on their own when the issue is all but decided in this Court.

23   Moreover, this case presents no manageability concerns. Class wide resolution is superior to any

24   alternative.

25          **B.    The Court Should Appoint Plaintiffs' Counsel as Class Counsel and Plaintiffs as**

26                  **Class Representatives**

27          The Rules of Civil Procedure require that the Court appoint class counsel. *See* Fed. R. Civ.

28   P. 23(g). "In appointing class counsel, the court: (A) must consider: (i) the work counsel has done

1   in identifying or investigating potential claims in the action; (ii) counsel's experience in handling

2   class actions, other complex litigation, and the types of claims asserted in the action; (iii)

3   counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

4   representing the class; [and] (B) may consider any other matter pertinent to counsel's ability to

5   fairly and adequately represent the interests of the class[.]" *Id.* Here, as outlined above, Plaintiffs'

6   Counsel has vigorously and effectively prosecuted these claims over the course of eight-plus

7   years. Counsel is experienced and will commit the resources necessary to bring this case to

8   resolution. The Court should therefore appoint Nichols Kaster, LLP, and specifically Matthew

9   Helland and Daniel Brome, as class counsel. Plaintiffs also request that the Court appoint Todd

10   Eichmann and Albert Flores as class representatives.

11        **C.    The Court Should Approve Plaintiffs' Proposed Notice**

12        Plaintiffs propose that notice of the lawsuit be issued via United States mail and email.

13   Plaintiffs' proposed notice is accurate and informative and outlines Class Members' rights in this

14   case. *See* Helland Decl. Exh. 3. Plaintiffs therefore request that the Court order Defendant to

15   produce a list of all class members, including for each their name, mailing address, personal email

16   address, and phone number (the "Class List"). Plaintiffs also request that the Class List include

17   unique identifiers Defendant used in producing employment data so Plaintiffs may match class

18   members to the data.

19   **V.    CONCLUSION**

20        For these reasons, the Court should grant Plaintiffs' motion for class certification, approve

21   Plaintiffs' proposed notice plan, and appoint the Named Plaintiffs as class representatives and

22   Plaintiffs' Counsel as Class Counsel.

23

24   Dated: August 4, 2022                    **NICHOLS KASTER, LLP**

25
                                             By:    s/Matthew C. Helland
26                                                  Matthew C. Helland

27                                           Attorneys for Plaintiffs and Others Similarly Situated

28