BRENDAN T. KILLEEN (Admitted *Pro Hac Vice*)
brendan.killeen@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: +1.212.309.6000
Facsimile: +1.212.309.3001

ANDREW P. FREDERICK (SBN 284832)
andrew.frederick@morganlewis.com
TAYLOR D. HORN (SBN 329435)
taylor.horn@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEV ANAND OMAN, TODD EICHMANN, MICHAEL LEHR, and ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 3:15-cv-00131-WHO<br><br>**NOTICE OF MOTION AND MOTION OF DELTA AIR LINES, INC. FOR LEAVE TO FILE AN AMENDED ANSWER AND A FURTHER MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 27, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 27, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2, 17th floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") will, and hereby does, move this Court for an order granting it leave to amend its answer to Plaintiff's Second Amended Complaint to include a counterclaim for declaratory judgment and granting it leave to file a further motion for partial summary judgment.

This Motion is based upon the accompanying Memorandum of Points & Authorities, the Declarations of Andrew P. Frederick and all exhibits attached thereto, the pleadings and the Court's record on file herein, and on such other and further argument and evidence as may be presented at or prior to the time of the hearing, and all matters of which this Court may properly take notice.

Dated: August 11, 2023

MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Andrew P. Frederick*
Brendan T. Killeen
Andrew P. Frederick
Taylor D. Horn

Attorneys for Defendant
DELTA AIR LINES, INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. SUMMARY OF RELEVANT FACTS ............................................................................ 2

III. ARGUMENT ..................................................................................................................... 5

    A. THE COURT SHOULD GRANT DELTA LEAVE TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM FOR DECLARATORY JUDGMENT. ........................................................................................................ 5

    B. THE COURT SHOULD GRANT DELTA LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE LEGALITY OF DELTA'S CURRENT WAGE STATEMENTS ........................... 8

IV. CONCLUSION .................................................................................................................. 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-i-    DEFENDANT'S MOTION FOR LEAVE
CASE NO. 3:15-CV-00131-WHO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berlowitz v. Nob Hill Masonic Mgmt., Inc.*,
   1996 WL 724776 (N.D. Cal. Dec. 6, 1996) ................................................................. 6

*Costelo v. Chertoff*,
   258 F.R.D. 600 (C.D. Cal. 2009) ................................................................................. 6

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ....................................................................................... 6

*Griggs v. Pace Am. Group, Inc.*,
   170 F.3d 877 (9th Cir. 1999) ....................................................................................... 6

*Oman v. Delta Air Lines, Inc.*,
   153 F. Supp. 3d 1094 (N.D. Cal. 2015) ....................................................................... 2

*Oman v. Delta Air Lines, Inc.*,
   835 Fed. Appx. 272 (9th Cir. 2021) ............................................................................. 3

*United States v. Webb*,
   655 F.2d 977 (9th Cir. 1981) .................................................................................. 5, 6

*Ward v. United Airlines, Inc.*,
   9 Cal. 5th 732 (2020) .................................................................................................. 3

**Statutes**

28 U.S.C. § 2201(a) ............................................................................................................. 7

**Other Authorities**

Federal Rule of Civil Procedure 15 ................................................................................. 5, 6

-ii-  DEFENDANT'S MOTION FOR LEAVE
CASE NO. 3:15-CV-00131-WHO

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For over eight years, the parties have litigated whether the wage statements Delta provided Plaintiffs complied with California Labor Code Section 226 ("Section 226"). Throughout the litigation, and despite the Court's prior holding that Section 226 did not apply to Plaintiffs, Delta continued to modify those wages statements in order to enhance transparency and ensure that Plaintiffs continued to be able to promptly and easily determine that they were fully and accurately paid. Every version accurately reported how Plaintiffs were paid pursuant to Delta's California-compliant flight attendant credit-based compensation system. Nonetheless, on July 8, 2022, the Court held that Plaintiffs' wage statements did not comply with Section 226 because they "do not show the 'total hours worked'" or "all 'hours worked at each hourly rate of' pay'" during the applicable pay period. ECF No. 113 at 14. Following the Court's decision, and in an effort to address the deficiencies the Court identified and further comply with Section 226, Delta once again modified its wage statements in October 2022 to include the flight attendants' total hours worked during the pay period and applicable hourly pay rate for that time.

Plaintiffs' operative Second Amended Complaint ("SAC") challenges the legality of Delta's flight attendant wage statements without limitation, including its modified wage statements. Through the SAC, Plaintiffs have also requested that this Court issue an injunction requiring Delta to comply with Section 226's requirements for wage statements it issues to flight attendants. Yet, Plaintiffs have limited their motion for class certification to a putative class of California-based flight attendants who received wage statements between January 10, 2020 and October 7, 2022, thereby excluding Delta's current wage statements. At the same time, Plaintiffs have refused to take a position regarding whether Delta's current wage statements comply with Section 226. It is therefore unclear how this portion of Plaintiffs' claim, and request for injunctive relief, could ever be resolved in this action.

To provide an avenue for resolving all issues and claims regarding Delta's flight attendant wage statements in this action, Delta now seeks leave to amend its answer to the SAC to include a counterclaim for declaratory judgment establishing that its current wage statements comply with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S MOTION FOR LEAVE
Case No. 3:15-cv-00131-WHO

Section 226. As discussed in detail below, all four factors for deciding whether to grant leave—undue delay, bad faith or dilatory motive, futility of amendment, and prejudice—weigh in favor of granting Delta's requested leave.

Alternatively, Delta seeks leave to file a further motion for partial summary judgment so that it can seek judgment on the portion of Plaintiff's Section 226 claim concerning Delta's post-October 7, 2022 wage statements. Good cause exists to grant such leave because whether these wage statements comply with Section 226 is an issue for which summary judgment is appropriate, and the motion will facilitate a more orderly and efficient resolution of Plaintiffs' remaining Section 226 claim. Indeed, since Plaintiffs have excluded the current wage statements from their motion for class certification, even though their Section 226 claim is pled to encompass those statements, it is unclear how this portion of Plaintiffs' Section 226 claim and this case could otherwise be resolved.

## II.     SUMMARY OF RELEVANT FACTS

Plaintiffs initiated this action on January 9, 2015, by filing a class action complaint with this Court.[1] *See* ECF No. 1. In September 2015, Delta moved for summary judgment on Plaintiffs' minimum wage claims, arguing that Delta's four-formula, credit-based pay system fully complies with California law. *See* ECF No. 32. The Court agreed, concluding that "Delta's flight attendants are compensated for all hours worked in California at an amount exceeding the minimum wage," and that the formulas "ensure that flight attendants are compensated for all time spent on Duty" and "each hour worked." *Oman v. Delta Air Lines, Inc.*, 153 F. Supp. 3d 1094, 1095 (N.D. Cal. 2015), *rev'd and remanded*, 835 F. App'x 272 (9th Cir. 2021).

Plaintiffs filed their operative SAC in 2016. In it, Plaintiffs allege that "Defendant's wage statements did not accurately reflect all hours worked or the rates of pay Delta paid." SAC ¶ 28. The SAC goes on to allege that Delta "continues to commit" this violation "knowingly and willfully." *Id.* ¶ 59. In addition to seeking statutory and civil penalties for Delta's purported

---

[1] Plaintiffs were initially joined by Dev Anand Oman and Michael Lehr. On February 2, 2021, the Ninth Circuit affirmed the District Court's decision to grant summary judgment to Delta on Mr. Oman's claims because California was not his principal place of work. ECF. No. 81. On July 8, 2022, the District Court dismissed Mr. Lehr from the case because he had released his claims against Delta when he accepted a retirement package. ECF. No. 113.

violation of Section 226, Plaintiff's SAC also seeks injunctive relief. *See id.* Prayer for Relief. Later in 2016, Delta moved for summary judgment on Plaintiffs' Section 204, Section 226, PAGA, and UCL claims. *See* ECF No. 59. On January 6, 2017, this Court granted Delta's motion.[2] *See* ECF No. 68. Plaintiff appealed and the Ninth Circuit certified three questions to the California Supreme Court. The California Supreme Court answered those questions in a consolidated appeal on June 29, 2020. *See Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 755-56 (2020). Following the California Supreme Court's ruling, the Ninth Circuit remanded the case to this Court to determine whether Plaintiffs satisfied the *Ward* test and "in the first instance whether Delta complied with §§ 204 and 226." *Oman v. Delta Air Lines, Inc.*, 835 Fed. Appx. 272, 273 (9th Cir. 2021).

On remand, the Parties filed cross-motions for summary judgment regarding Plaintiffs' Section 204, Section 226, and derivative claims. *See* ECF Nos. 99, 100. On July 8, 2022, the Court ruled on the Parties' cross-motions and held that Delta's wage statements failed to comply with Section 226 because they did not include the total hours worked or hours worked at each hourly rate during the applicable pay period. It also held that Delta was entitled to a good faith defense for wage statement violations under Section 226(a) prior to January 10, 2022.

Following this Court's ruling, Delta updated its flight attendant wage statements again. Beginning October 21, 2022, for the October 1, 2022 through October 14, 2022 pay period, Delta has issued Plaintiffs wage statements that list their total time on duty (*i.e.*, all hours the flight attendant works during the applicable pay period), and applicable pay rate for their time on duty during the applicable pay period. To calculate this rate, Delta totals flight attendants' work-related wages, including credit-based compensation and premium payments, and divides that total amount by the total time on duty. For example:

---

[2] Even after this Court held that Section 226 did not apply to Plaintiffs, Delta continued to enhance its flight attendant wage statements. Delta had always accurately reported Plaintiffs' earnings under Delta's credit-based system in good faith on each wage statement, setting forth each payment made to Plaintiffs as a separate line-item. By August 2017, the wage statements had been further modified to include the total credits and applicable pay rate, or applicable lump sum amount, for each pay category. *See, e.g.*, ECF Nos. 100 at 5-6, 14-15; 103, Ex. K.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Pay Statement** | | | | | | | |
| Name: | ALBERT FLORES | | Base Hourly Rate: | $72.38 | | Period Begin: | 12/10/2022 |
| Emp ID: | 00721688 | | Pay Frequency: | Bi-Weekly (Delta) | | Period End: | 12/23/2022 |
| PA / PSA: | 1067 / 6100 | | Wkly Scheduled Hrs: | | | Check Date: | 12/30/2022 |
| Title: | Flight Attendant | | Non-Exempt | | | | |

| Payment Summary | | | Net Pay | | |
|---|---|---|---|---|---|
| Payment Summary: | Current | YTD | Net Pay Distribution: | | |
| Cash Earnings | $3,433.50 | $118,252.83 | LBS Financial CU ***5713 | | $1,790.41 |
| Deductions | ($709.62) | ($35,590.86) | Total Net Pay | | $1,790.41 |
| Taxes | ($933.47) | ($29,920.72) | | | |
| Net Pay | $1,790.41 | $52,741.25 | | | |

| Overpayment Balances | | | |
|---|---|---|---|
| Description | Beginning | Payments | Balance |
| Transition Pay | $773.12 | | $773.12 |

| Wage Earnings | | | | |
|---|---|---|---|---|
| Description | Period | Rate | Hours | Current | YTD |
| | 12/10/2022 - 12/23/2022 | | | | |
| + Flight Pay | | $72.38 | 38:30 | $2,786.64 | |
| + Holding Pay | | $15.00 | 3:39 | $54.75 | |
| + Boarding Premium Pa | | | | $218.25 | |
| + TAFB-Dom-Non Taxabl | | $2.45 | 121:59 | $298.86 | |
| | 10/01/2022 10/31/2022 Monthly Incentive | | | | |
| Shared Rewards | | | | $75.00 | |
| Shared Rewards | | | | | $700.00 |
| Special Profit Sharing | | | | | $1,250.00 |
| Laundry Allowance - F/A | | | | | $180.00 |
| Onboard Sales Incentive | | | | | $138.51 |
| + Flight Pay | | | | | $82,011.33 |
| + Holiday Pay | | | | | $1,324.15 |
| + International Pay | | | | | $96.94 |
| + TAFB-Dom-Taxable-NonLay | | | | | $118.02 |
| + Holding Pay | | | | | $398.50 |
| + Boarding Premium Pay | | | | | $4,473.56 |
| + Vacation | | | | | $7,093.24 |
| + PPT | | | | | $3,505.64 |
| + Standby | | | | | $51.87 |
| + A Day Guarantee | | | | | $1,375.24 |
| + Available Guarantee | | | | | $1,656.03 |
| + CQ Training | | | | | $343.81 |
| + Vacation Payout | | | | | $253.40 |
| + Training-CBT | | | | | $405.00 |
| + Training-Meal Expense | | | | | $153.51 |
| + Flt Leader | | | | | $57.46 |
| + TAFB-Dom-Non Taxable | | | | | $8,504.66 |
| + IPY Incentive Pay | | | | | $1,113.44 |
| + RR Reroute | | | | | $278.36 |
| + Summer Boost | | | | | $2,459.15 |
| + Multi-leg Premium Pay | | | | | $40.00 |
| + TAFB-Intl-Non Taxable | | | | | $271.01 |
| Total | | | | $3,433.50 | $118,252.83 |

| Company Contributions | | |
|---|---|---|
| Description | Current | YTD |
| Company 401(k) Match | $188.08 | $6,467.44 |
| Company 401(k) Fixed | $94.04 | $3,233.72 |
| Total | $282.12 | $9,701.16 |

| Flight Attendant Information | | |
|---|---|---|
| Description | Avg Rate | Hours |
| Time On Duty | $56.07 | 54:34 |

| Time-off Balances | |
|---|---|
| Time-off Description | Balance |
| Paid Personal Time Avail | 186.21 |
| Certified Time Available | |

| Time-off Used | |
|---|---|
| Time-off Description | Current Used |

| Taxes | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Additional | Current | | YTD | |
| Tax Authority | Tax Type | Status | Withholding | Tax | Taxable | Tax | Taxable |
| Federal | Withholding Tax | Single | | $484.24 | $3,134.64 | $15,029.29 | $91,889.81 |
| Federal | Social Security Tax | | | $194.34 | $3,134.16 | $6,334.16 | $102,163.94 |
| Federal | Medicare Tax | | | $45.46 | $3,134.64 | $1,481.38 | $102,163.94 |
| California | Withholding Tax | Single | | $174.95 | $3,134.64 | $5,920.19 | $94,789.73 |
| California | Disability Tax | | | $34.48 | $3,134.64 | $1,155.70 | $105,063.86 |
| Total | | | | $933.47 | | $29,920.72 | |

Messages

△DELTA  Delta Air Lines, Inc.
1030 Delta Blvd. Dept 982
Atlanta, GA 30354
Questions? Call Employee
Service Center
1 800-693-3582

On October 4, 2022, the Court held a case management conference and scheduled a hearing on Plaintiff's motion for class certification for September 27, 2023. *See* ECF No. 116. Following an unsuccessful mediation on April 25, 2023, the Parties met and conferred about a

potential stipulation regarding class certification. Declaration of Andrew P. Frederick ("Frederick Decl."), ¶ 2. In the course of meeting and conferring, Plaintiffs' counsel stated that Plaintiffs would seek to certify a class of California-based flight attendants between January 10, 2020 and October 20, 2022. *Id.* Delta's counsel asked if Plaintiff would stipulate that Delta's post-October 21, 2022 wage statements comply with Section 226, but Plaintiffs' counsel declined. *Id.* Delta's counsel asked for Plaintiffs' position on whether Delta's post-October 21, 2022 wage statements are compliant, and Plaintiffs' counsel again declined to state a position. *Id.* As a result, the Parties were unable to stipulate to class certification.

Plaintiffs have now filed their motion to certify a class of "[a]ll persons who were employed by Delta Air Lines, Inc. as flight attendants based on at a California airport at any time from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs." ECF No. 121. In doing so, Plaintiffs state that Delta's post-October 7, 2022 wage statements "are not at issue in this case because Plaintiffs limit their proposed class to the time period from January 10, 2022 through October 7, 2022." ECF No. 121 at 10:24-25. Plaintiffs further state that "[t]he end of Plaintiffs' proposed class is October 7, 2022 because that is the last date Delta issued the form wage statement Plaintiffs' [*sic*] challenge here." *Id.* at 10:27-28. Plaintiffs provide no explanation for why they are not challenging Delta's current wage statements and their motion includes no indication whether they believe the current wage statements—which they are both currently receiving—comply with California law.

### III.  ARGUMENT

#### A.  The Court Should Grant Delta Leave to Amend Its Answer to Assert a Counterclaim for Declaratory Judgment.

Federal Rule of Civil Procedure 15 enables a party to amend a pleading with the court's leave and advises that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When considering whether to grant leave to amend a pleading, "a court must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, "Rule 15's policy of favoring amendments to pleadings should be applied with

1  'extreme liberality.'" *Id.* When deciding whether to grant leave to amend a pleading, courts
2  apply four factors: "undue delay, bad faith or dilatory motive, futility of amendment, and
3  prejudice to the opposing party." *Id.* at 980. "Generally, this determination should be performed
4  with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d
5  877, 880 (9th Cir. 1999). "The party opposing amendment bears the burden of showing
6  prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, as
7  explained in detail below, all four factors weigh in favor of granting Delta leave.

8  First, Delta has not unduly delayed seeking leave. Delta is promptly seeking leave after
9  Plaintiffs filed their motion seeking certification of a narrower class period between January 10,
10 2022 and October 7, 2022, ignoring entirely Delta's current wage statements. Delta is now
11 promptly seeking leave to amend. There has been no undue delay. Regardless, "delay alone no
12 matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2 at 980.
13 Nor is "[t]he mere fact that an amendment is offered late in the case is . . . . enough to bar it." *Id.*
14 Nonetheless, Delta could not have brought this motion any earlier because the need for the
15 motion did not arise until Plaintiffs filed a motion to certify a class that excludes Delta's current
16 wage statements and almost a year of potential liability for the putative class.

17 Second, Delta is seeking leave in good faith and without dilatory motive. Delta is seeking
18 leave so that the Court can decide whether Delta's current wage statements comply with
19 California law, an issue that necessarily must be decided to fully resolve Plaintiff's Section 226
20 claim, which is pled to challenge all iterations of Delta's wage statements without exception.[3]
21 Moreover, Delta does not seek to knowingly or intentionally violate California law; it wants its

---

[3] Plaintiffs wrongly assert that they can change the nature of their claims through a motion for class certification. They cannot. A pleading—not a motion—controls the claims at issue in a case. *Costelo v. Chertoff*, 258 F.R.D. 600, 604–05 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."); *Berlowitz v. Nob Hill Masonic Mgmt., Inc.*, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) (rejecting plaintiff's attempt to certify a class different from that alleged in the complaint, because the "court is bound by the class definition provided in the complaint ... and will not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to amend it"). As such, Plaintiffs cannot amend their operative complaint through a motion for class certification. Rather, they need leave of court to file an amended complaint, which they have not sought or obtained.

flight attendants to have compliant wage statements and wants resolution of this claim so that this issue can be fully and finally resolved after eight plus years of litigation.  Delta does not understand why Plaintiffs have resisted adjudicating the legality of the operative wage statements.  Given Plaintiffs' refusal to put the issue before the Court, and with Delta facing the potential of a subsequent lawsuit before a different court raising the same claim, Delta is forced to pursue a declaratory judgment regarding its current wage statements and is doing so in good faith.

Third, granting leave to amend would not be futile because Delta has a colorable counterclaim for declaratory relief.  The Declaratory Judgment Act empowers a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" where there is "a case of actual controversy within its jurisdiction," subject to certain exemptions that are not relevant here.  28 U.S.C. § 2201(a).  Delta seeks a declaratory judgment establishing that the wage statements Delta has utilized since October 21, 2022 comply with Labor Code section 226.  Whether Delta's current wage statements are compliant is in "actual controversy" because Plaintiffs have challenged Delta's wage statements generally and even asked for an injunction requiring Delta to comply with Section 226.  Indeed, Plaintiffs expressly asked the Court in their most recent motion for summary judgment for an injunction "order[ing] Delta to comply with Section 226."  *See* ECF No. 99 at 23:8-16; *see also* ECF No. 104 at 14:8-16:5.  Thus, there is an "actual controversy" regarding whether Delta's current wage statements comply with Section 226.  In addition, the Court also has proper jurisdiction over Delta's counterclaim because it arises from the same facts and circumstances as Plaintiff's claims, over which the Court has properly had diversity jurisdiction for the past eight years.  Thus, Delta has a colorable counterclaim for declaratory judgment, and granting it leave to amend would not be futile.

Fourth, granting Delta leave to amend would not prejudice Plaintiffs in any way.  To the contrary, it would facilitate the final resolution of Plaintiff's Section 226 claim.  The lack of prejudice is further evidenced by the fact that Delta's contemplated counterclaim would not expand the scope of the case by adding entirely new claims or parties.  It would be a continuation of the same Section 226 issues the Parties have been litigating throughout the span of this case.

Thus, Plaintiffs cannot show any prejudice.

### B. The Court Should Grant Delta Leave to File a Motion for Partial Summary Judgment Regarding the Legality of Delta's Current Wage Statements.

In the alternative, the Court should grant Delta leave to file a motion for partial summary judgment addressing whether Delta's current wage statements comply with Section 226. This issue is ripe for summary judgment because the facts are undisputed—the content of the current wage statements is fixed and indisputable—leaving the purely legal question of whether the current wage statements comply with California law.

The motion for partial summary judgment would also facilitate an efficient final resolution of this case because it would enable the Court to decide the legality of Delta's current wage statements without having to consume the Court's and the Parties' resources conducting a jury trial on the issue. For these reasons, the Court should grant Delta leave to file a motion for partial summary judgment regarding whether its current wage statements comply with Section 226.

### IV. CONCLUSION

For the foregoing reasons, Delta respectfully requests that the Court grant it leave to amend its answer to Plaintiff's Second Amended Complaint to include a counterclaim for declaratory judgment and grant it leave to file a further motion for partial summary judgment.

Dated: August 11, 2023        MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Andrew P. Frederick
    Brendan T. Killeen
    Andrew P. Frederick
    Taylor D. Horn

    Attorneys for Defendant
    DELTA AIR LINES, INC.