Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and the putative class

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dev Anand Oman, Todd Eichmann, Michael Lehr, and Albert Flores, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>   Plaintiffs,<br><br>   v.<br><br>Delta Air Lines, Inc.,<br><br>   Defendant. | **Case No. 3:15-CV-00131-WHO**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND A FURTHER MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     September 27, 2023<br>Time:    2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:   Hon. William H. Orrick |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii

MEMORANDUM OF LAW ........................................................................................................ 1

I.  INTRODUCTION ........................................................................................................... 1

II. FACTUAL AND PROCEDURAL HISTORY............................................................... 1

III. ARGUMENT .................................................................................................................. 2

    A.    Plaintiffs are Not Pursuing Claims for Time Period After October 7, 2022........... 2

    B.    The Court Should Deny Delta's Motion to Amend the Answer as Futile, as There is No "Case or Controversy" Regarding the October 2022 Form of Wage Statement................................................................................................................ 4

    C.    The Court Should Not Grant Leave For Delta to File a Summary Judgment Motion Seeking an Advisory Opinion ................................................................................. 7

IV. CONCLUSION................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015) .......................................... 2

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ......................................................................... 4

*Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471 (S.D. Ohio 2004) ................................................. 2

*Berlowitz v. Nob Hill Masonic Mgmt*, 1996 WL 724776 (N.D. Cal. Dec. 6, 1996) ........................ 3

*Big J & J Int'l Corp. v. Novelty, Inc.*, 2009 WL 10672760 (C.D. Cal. Oct. 27, 2009) ............... 6, 7

*Bueche v. Fid. Nat. Mgmt. Servs., LLC*, No. 2:12-CV-01114 JAM, 2014 WL 246860
    (E.D. Cal. June 2, 2014) ........................................................................................................ 3, 4

*Bull v. City of San Francisco*, No. C 03-01840 CRB, 2010 WL 3516099 (N.D. Cal. Sept. 8,
    2010), *amended in part sub nom. Bull v. City & Cnty. of San Francisco*,
    758 F. Supp. 2d 925 (N.D. Cal. 2010) ................................................................................... 5, 7

*Centocor, Inc. v. MedImmune, Inc.*, 2002 WL 31465299 (N.D.Cal. Oct.22, 2002) ........................ 5

*Clay v. Cytosport, Inc.*, No. 15-CV-00165-L (DHB), 2016 WL 6082314
    (S.D. Cal. Oct. 18, 2016) ............................................................................................................ 3

*Costelo v. Chertoff*. 258 F.R.D. 600 (C.D. Cal. 2009). .............................................................. 2, 3

*Crown Drug Co. v. Revlon, Inc.*, 703 F.2d 240 (7th Cir. 1983) .................................................. 5, 6

*Gold v. Lumber Liquidators Inc.*, 2017 WL 2688077 (N.D. Cal. June 22, 2017 ............................ 3

*Hawkins v. Kroger Co.*, 337 F.R.D. 518 (S.D. Cal. 2020) ............................................................. 3

*Herron v. Best Buy Stores, LP*, 2016 WL 1572909 (E.D. Cal. Apr. 19, 2016) .............................. 3

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
    No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550 (D. Kan. Mar. 10, 2020) .............................. 2

*In re Monumental Life Ins. Co.*, 365 F.3d 408 (5th Cir. 2004) ...................................................... 4

*Karl Storz Imaging, Inc. v. Pointe Conception Med., Inc.*, 2011 WL 13193438
    (C.D. Cal. Aug. 1, 2011) ............................................................................................................ 7

*Lacesa v. Walgreen Co.*, 2022 WL 19240778 (C.D. Cal. Sept. 22, 2022) ..................................... 4

| | |
|---|---|
| 1 | *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) .................................................. 5 |
| 2 | *Oman v. Delta Air Lines, Inc.*, 610 F. Supp. 3d 1257 (N.D. Cal. 2022). ........................................ 1 |
| 3 | *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, 2003 WL 22862662 |
| 4 |     (N.D. Cal. Nov. 26, 2003) .......................................................................................... 5, 6 |
| 5 | *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007) ............................... 4 |
| 6 | *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ......................................................................... 4 |
| 7 | *Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 1926269 |
| 8 |     (N.D. Cal. Apr. 27, 2015) ................................................................................................ 2 |
| 9 | *Santillan v. Verizon Connect, Inc.*, No. 3:21-CV-1257-H-KSC, 2022 WL 4596574 |
| 10 |     (S.D. Cal. June 13, 2022) ................................................................................................ 4 |
| 11 | *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.,* 655 F.2d 938 |
| 12 |     (9th Cir.1981). .............................................................................................................. 5, 6 |
| 13 | *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662 (D. Kan. 2008) ...................................................... 2 |
| 14 | *State of Tex. v. W. Pub. Co.*, 882 F.2d 171 (5th Cir. 1989) ............................................................ 6 |
| 15 | *Stuart v. Radioshack Corp* 2009 WL 281941 (N.D. Cal. Feb. 5, 2009) ......................................... 3 |
| 16 | *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ............................................................ 4 |
| 17 | *Webb v. Circle K Stores Inc.*, 2022 WL 16649821 (D. Ariz. Nov. 3, 2022) .................................. 3 |
| 18 | *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542 (N.D. Cal. 1990) .................................. 6 |

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Plaintiffs in this long-running class action seek to bring the case to resolution through a targeted and efficient trial to assign penalties for Delta's violations of California's wage statement law. Delta, having modified its wage statements seven years into the case, seeks to highjack the lawsuit to obtain an advisory opinion on whether its new form of wage statements violates the law. But there is no place for that litigation here. Plaintiffs have advised Delta—and the Court— that they do not challenge Delta's post-October 2022 wage statements. Because the legality of Delta's new wage statements are not at issue here, there is no justiciable case or controversy that would support Article III jurisdiction over Delta's proposed Declaratory Judgment Act counterclaim. The Court should therefore deny Delta's motion to amend and its request for leave to file yet another motion for summary judgment.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The Court is familiar with the history of this case, which is recounted in more detail in Plaintiffs' pending Motion For Class Certification (ECF No. 121.)

As relevant here, Plaintiffs filed their Second Amended Complaint in February 2016. (*See* ECF No. 52.) That complaint remains the operative complaint. In July of 2022, the Court granted summary judgment to Plaintiffs on their Section 226 wage statement claims for the time period starting January 10, 2022 and on Plaintiffs' PAGA claims premised on wage statement violations for the entire statutory period. *Oman v. Delta Air Lines, Inc.*, 610 F. Supp. 3d 1257 (N.D. Cal. 2022). The temporal limitation regarding the Court's ruling on Section 226 related not to the format of Delta's wage statements, but rather to its good faith defense to penalties. *Id.* at 1277. Several months after the Court's ruling, in October 2022, Delta began issuing a new format of wage statements to its flight attendants. (Def. Mem., ECF No. 122, pp 7-8.).

After a litigation pause for an unsuccessful mediation, the next substantive filing was a Joint Case Management Statement in which Plaintiffs informed the Court that they intended to seek class certification for their Section 226 wage statement claims for the time period starting January 10, 2022 and ending October 20, 2022, when Delta implemented the new wage

1  statements. (*See* ECF No. 117.) Plaintiffs filed that motion on August 4, 2022. (ECF No. 121.) As
2  promised, Plaintiffs' proposed class period ends prior to the new form of wage statement (actually
3  October 7, 2022). *Id.* The Motion makes clear that Plaintiffs are not challenging the new form of
4  wage statement. *Id.* p. 12 ("Plaintiffs' proposed class ends on October 7, 2022, the date on which
5  Delta issued its last wage statement in the form at issue.").

**III.    ARGUMENT**

    **A.    Plaintiffs Are Not Pursuing Claims for Time Period After October 7, 2022**

Plaintiffs have made it clear to Defendant and the Court that they are not pursuing wage statement claims for the time period after October 7, 2022. With respect to class claims under Section 226, Plaintiffs accomplished this by limiting their class definition to the time period between January 10, 2022 and October 7, 2022. As Plaintiffs argued in their Motion for Class Certification, narrowing a class definition in this manner is entirely permissible. *See Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015) (plaintiff may seek certification of a narrower class than the class pled in the complaint); *Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015) ("While a party moving for class certification cannot *expand* the class definition, the party can *narrow* the definition used in the complaint."); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550, at *27 (D. Kan. Mar. 10, 2020) (quoting *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 671 (D. Kan. 2008)) ("'[T]he [c]ourt and parties are authorized' to narrow the class definitions '[i]f the class definition should require tailoring as the litigation progresses[.]'"); *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004) ("[C]lass definitions obviously are tailored to the specifics of every case.").

Delta ignores the cases Plaintiffs cited in their motion, instead citing two cases for the proposition that Plaintiffs may not deviate from the class as pled in the complaint. Both are distinguishable. In *Costelo v. Chertoff*, the plaintiffs sought to certify a class and subclasses that differed substantially from the class and subclasses pled in the complaint. 258 F.R.D. 600, 604 (C.D. Cal. 2009). The Court held that it "will not consider certification ***beyond***" the classes pled in the complaint, but certified a class defined differently—and more narrowly—than the class

1  pled in the complaint. *Id.* at 610 (granting motion "subject to certain revisions[,]" including a
2  revised class definition). For the proposition that it may not certify a class "beyond" that pled in
3  the complaint, *Costelo* and Delta both cite *Berlowitz v. Nob Hill Masonic Mgmt.*, where the court
4  denied the plaintiff's attempt to expand the class from a class of a disabled individuals (as pled in
5  the complaint) to a class of disabled individuals *and their companions*. 1996 WL 724776, at *2
6  (N.D. Cal. Dec. 6, 1996). *Costello* also cites *Stuart v. Radioshack Corp.*, in which the plaintiff
7  sought "permission to file a [second amended complaint] in order to **broaden** the scope of the
8  class and then obtain certification of the **broader** class." 2009 WL 281941, at *2 (N.D. Cal. Feb.
9  5, 2009) (emphasis added).

10  The efficient administration of justice supports allowing a plaintiff to certify a narrower
11  class than that pled in the complaint, without going through the formalities of amending the
12  operative complaint. Many cases—in addition to those Plaintiffs cited in their motion for class
13  certification—agree. *See*, *e.g.*, *Webb v. Circle K Stores Inc.*, 2022 WL 16649821, at *2 (D. Ariz.
14  Nov. 3, 2022) ("Provided a complaint gives adequate notice of the claim being asserted, the
15  definition contained in the complaint does not dictate the exact class that can be certified, nor
16  does it prevent modifications of the class definition after certification."); *Hawkins v. Kroger Co.*,
17  337 F.R.D. 518, 527 (S.D. Cal. 2020) ("Given that courts are empowered to narrow class
18  definitions at the class certification stage, it is only fair that plaintiffs should be allowed to
19  voluntarily request that the court do so."); *Gold v. Lumber Liquidators Inc.*, 2017 WL 2688077, at
20  *3 (N.D. Cal. June 22, 2017) ("several courts—including this one—have allowed plaintiffs to
21  seek class certification of a class that is narrower than the class initially proposed in their
22  complaint without seeking leave to amend"); *Clay v. Cytosport, Inc.*, No. 15-CV-00165-L (DHB),
23  2016 WL 6082314, at *3 (S.D. Cal. Oct. 18, 2016) ("Generally, a plaintiff may not expand the
24  class definition without amending the complaint. [Citation omitted.] However, it is permissible to
25  narrow the definition."); *Herron v. Best Buy Stores, LP*, 2016 WL 1572909, at *3 (E.D. Cal. Apr.
26  19, 2016) ("the Court finds that the class certification motion's class definition is permissible as it
27  seeks to narrow the definition used in the [complaint]") (citations omitted); *Bueche v. Fid. Nat.*
28  *Mgmt. Servs., LLC*, No. 2:12-CV-01114 JAM, 2014 WL 2468601, at *3 (E.D. Cal. June 2, 2014)

1  ("As long as the [complaint] has provided adequate notice to Defendant, any mismatch between
2  the class definition in the [complaint] and the actual job titles of Plaintiffs (as revealed in
3  discovery) can be corrected at the Rule 23 class certification hearing."); *see also Armstrong v.*
4  *Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001) ("Where appropriate, the district court may
5  redefine the class"); *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound
6  by the class definition proposed in the complaint"); *Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
7  501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class
8  definitions"); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ( "District courts
9  are permitted to limit or modify class definitions"); *Santillan v. Verizon Connect, Inc.*, No. 3:21-
10 CV-1257-H-KSC, 2022 WL 4596574, at *5 (S.D. Cal. June 13, 2022) ("In its discretion, the
11 Court will narrow the definition of the Reimbursement Class to determine whether a more limited
12 class may be certified.").

13       To resolve any ambiguity, Plaintiffs represent to the Court and to Delta that they are not
14 pursuing any claims—including claims for injunctive relief or under PAGA—relating to wage
15 statements issued after October 7, 2022. Plaintiffs are masters of their own complaint and may
16 define the relief they seek in this case. *See*, *e.g.*, *Lacesa v. Walgreen Co.*, 2022 WL 19240778, at
17 *1 (C.D. Cal. Sept. 22, 2022). Delta's October 2022 change to its wage statement came ***six and a***
18 ***half years*** after Plaintiffs filed their Second Amended Complaint. *See* ECF No. 52 (filed February
19 10, 2016). If the Court finds it necessary, Plaintiffs are willing to file an amended complaint
20 clarifying that they no longer seek injunctive relief and are not challenging the form of wage
21 statement Defendant first issued in October 2022. But Plaintiffs leave no doubt here: that form of
22 wage statement will not be at issue in the trial of this action.

23     **B.**    **The Court Should Deny Delta's Motion to Amend the Answer as Futile, as There**
24           **is No "Case or Controversy" Regarding the October 2022 Form of Wage**
25           **Statement**

26       The Court should deny Delta's motion to amend its answer because amendment would be
27 futile. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Since Plaintiffs are not pursuing
28 claims based on the post-October 2022 form of wage statement, the Court has no subject matter

1  jurisdiction over Delta's proposed counterclaim under the Declaratory Relief Act.  *See*, *e.g.*, *Bull v. City of San Francisco*, No. C 03-01840 CRB, 2010 WL 3516099, at *4 (N.D. Cal. Sept. 8, 2010), *amended in part sub nom. Bull v. City & Cnty. of San Francisco*, 758 F. Supp. 2d 925 (N.D. Cal. 2010) ("Defendants also move for summary judgment as to their cross claim seeking a declaration that their new policies (implemented in 2004) are constitutional . . . . These new policies are not being challenged in this lawsuit, and the Court declines to issue what would amount to an advisory opinion as to their validity.")

"Under the Declaratory Judgement Act, 'there must be an 'actual controversy' between the parties before a federal court may exercise jurisdiction." *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, 2003 WL 22862662, at *4 (N.D. Cal. Nov. 26, 2003) (quoting *Centocor, Inc. v. MedImmune, Inc.,* 2002 WL 31465299, at *1 (N.D. Cal. Oct.22, 2002)). "The 'actual controversy' requirement of the Declaratory Judgement Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Id.* (quoting *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.,* 655 F.2d 938, 942 (9th Cir.1981)). "For an actual controversy to exist in a declaratory judgment action, there must be 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Societe*, 655 F.2d at 942 and *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

In *Societe*, the Ninth Circuit held that threatened litigation may give rise to an "actual controversy" sufficient to confer jurisdiction under the Declaratory Judgment Act. 655 F.2d at 944; *see also Pac. Bell Internet Servs.*, 2003 WL 22862662, at *5 ("*Societe* stands for the proposition that a declaratory judgment plaintiff meets the actual controversy requirement by demonstrating a real and reasonable apprehension that the defendant may commence an action against it"). However, "[t]he focus of analysis must . . . rest upon the *defendant's* statements or conduct; a reasonable apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy." *Crown Drug Co. v. Revlon, Inc.*, 703 F.2d 240, 243 (7th Cir. 1983) (internal quotations omitted). For jurisdiction to lie, the defendant (or here, Plaintiffs as proposed counterclaim defendants) must have "taken actions or engaged in a course of conduct that

1. supported plaintiff's apprehensions." *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1547 (N.D. Cal. 1990) (collecting cases); *see also State of Tex. v. W. Pub. Co.*, 882 F.2d 171, 176 (5th Cir. 1989) ("[N]o conduct on the part of West is shown that supports Texas' asserted fear of litigation. To rely on fear of litigation, Texas must establish conduct by West which supports that asserted fear."); *Big J & J Int'l Corp. v. Novelty, Inc.*, 2009 WL 10672760, at *2 (C.D. Cal. Oct. 27, 2009) (where patent claims have been dismissed and the counterclaim defendant has not made "any sort of threatening communication" there is no "justiciable controversy"); *Pac. Bell Internet Servs*, 2003 WL 22862662, at *5 (no justiciable controversy based on "apprehension that [another entity] may at some future date obtain a pre-litigation subpoena which may or may not lead to a lawsuit").

Neither Delta's proposed counterclaim nor its motion point to any action by Plaintiffs Eichmann or Flores threatening future suit based on the post-October 2022 form of wage statement. Delta argues that Plaintiffs have "challenged Delta's wage statements generally and even asked for an injunction requiring Delta to comply with Section 226." (Def. Mem., ECF No 122, p. 7.) But Plaintiffs informed Delta—prior to Delta filing its motion and in this responsive brief—that Plaintiffs do not intend to challenge the October 2022 form of wage statement. Accordingly, there has been no threat to sue over that form of wage statement. Delta argues it "fac[es] the potential of a subsequent lawsuit before a different court raising the same claim," *id.*, but "a reasonable apprehension alone, if not inspired by [Plaintiffs'] actions, does not give rise to an actual controversy." *Crown Drug Co.*, 703 F.2d at 243.

Delta may not usurp this litigation for its own peace of mind, and it may not use this Court to bless its practices in the absence of an actual controversy. Plaintiffs have taken no action towards Delta, with respect to its post-October 2022 wage statements, that warrants placing them as straw man defendants to litigate an issue they are not raising here. To that end, this case is similar to *Big J & J Int'l Corp.*:

//

//

//

> Here, BJJ did file suit for patent infringement, but, as this Court's June 10, 2009 order indicates, those claims have been dismissed. Unlike in *Societe*, at no time before or after the patent infringement claim was dismissed has BJJ made any sort of threatening communication. Moreover, although the patent infringement claim was dismissed without prejudice, the basis for BJJ's dismissal request and the procedural history of this case, make it exceedingly unlikely (if not potentially barred by the doctrines of *res judicata* or collateral estoppel) that BJJ would or even could claim patent infringement after its copyright claim has been adjudicated. Thus, the Fourth Counterclaim does not present a justiciable controversy. Therefore, because Novelty's Fourth Counterclaim does not present a justiciable controversy, this Court GRANTS BJJ's motion to dismiss it.

2009 WL 10672760, at *2. The Court should deny Delta's motion to amend as futile for lack of jurisdiction over Delta's counterclaim.

### C. The Court Should Not Grant Leave For Delta to File a Summary Judgment Motion Seeking an Advisory Opinion

The Court should also deny Delta's request for leave to file another motion for summary judgment on the post-October 2022 wage statements. Because Plaintiffs are not challenging those wage statements in this case, any ruling would be an improper advisory opinion. *See*, *e.g.*, *Karl Storz Imaging, Inc. v. Pointe Conception Med., Inc.*, 2011 WL 13193438, at *3 (C.D. Cal. Aug. 1, 2011) ("Article III does not permit the courts to resolve issues when it is not clear that the resolution of the question will resolve a concrete controversy between interested parties."); *Bull*, 2010 WL 3516099, at *4 ("These new policies are not being challenged in this lawsuit, and the Court declines to issue what would amount to an advisory opinion as to their validity.")

## IV. CONCLUSION

Delta's post-October 2022 wage statements are not at issue in this litigation. There is no basis for Delta to force Plaintiffs to defend a counterclaim for declaratory relief, and this Court would have no jurisdiction to issue an advisory opinion regarding Delta's current practices. The Court should therefore deny Delta's motion in its entirety.

Dated: August 25, 2022                         **NICHOLS KASTER, LLP**

                                              By:   s/Matthew C. Helland
                                                    Matthew C. Helland

                                              Attorneys for Plaintiffs and Others Similarly Situated