UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEV ANAND OMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Case No. 15-cv-00131-WHO <br><br> **ORDER GRANTING MOTION FOR CLASS CERTIFICATION; REQUIRING FILING OF THIRD AMENDED COMPLAINT; AND DENYING MOTION FOR LEAVE** <br><br> Re: Dkt. Nos. 121, , 122 |

Following remand from the Ninth Circuit (based on the California Supreme Court's response to certified questions) and my order granting in part and denying in part cross motions for summary judgment, plaintiffs (flight attendants for defendant Delta Airlines) move for certification of a much-narrowed class for a much shorter time period, covering only ten months, where plaintiffs contend that Delta's wage statements were non-compliant with California law. Dkt. No. 121. That approach is sensible in light of the Ninth Circuit and California Supreme Court's decisions as well as my July 2022 finding that Delta had a good faith defense to the wage statement claims prior to January 10, 2022, and Delta's undisputed change to its wage statements (in an effort to make them compliant) as of October 8, 2022.

Delta opposes class certification, arguing primarily that plaintiffs' approach creates "prejudicial" discrepancies between them and the class that cause plaintiffs and their counsel to be fatally inadequate under Rule 23. Dkt. No. 124. Delta also seeks leave to file a second motion for summary judgment, Dkt. No. 122, in order to secure essentially an advisory opinion that its wage statements as of October 8, 2022, are fully compliant with California law.[1]

---

[1] Delta admits that the parties were negotiating a potential stipulation for certification of the narrowed class plaintiffs seek in the pending motion. See Oppo. at 4. The only reason a stipulation was not reached is plaintiffs' refusal to stipulate that Delta's post-October 21, 2022

For the reasons explained below, plaintiffs' motion for class certification is GRANTED. Delta's motion for leave to file a second motion for summary judgment is DENIED. To give Delta peace of mind, plaintiffs shall file a Third Amended Complaint within ten (10) days of the date of this Order that conforms the operative complaint to the scope of the class sought in the motion for certification. Finding these matters appropriate for resolution on the papers, the September 27, 2023, hearing is VACATED. Civil L.R. 7-1(b).

## I.  PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs seek certification of a class of "[a]ll persons who were employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs." They satisfy Rule 23's requirements. As for Rule 23(a):

(1) Delta does not dispute that the class is sufficiently numerous and I find numerosity is satisfied by plaintiffs' showing that there are 1,495 flight attendants in the class. *See* Declaration of Alexander Wise [Dkt. No. 125-1], ¶ 10(d).[2]

(2) Delta does not dispute and I find that there are questions of law or fact common to the class; namely (i) the legality of Delta's wage statements during the challenged period; (ii) whether the absence of required information leads to statutory injury; (iii) whether Delta's violations were "knowing and intentional"; and (iv) putative class members' entitlement to the protection of California law.

(3) Delta contests whether the claims sought to be certified are "typical" of the class claims under Rule 23(a)(3) and relatedly argues that the differences between the scope of the claims alleged in the operative complaint and the narrowed scope sought for certification makes both named plaintiffs and their counsel inadequate under Rule 23(a)(4). Delta's argument boils down

---

wage statements were compliant with California law. *See* Declaration of Andrew P. Frederick [Dkt. No 124-1] ¶ 2.

[2] Plaintiffs cited to the Wise Declaration in their Motion, but failed to attach it. After the Opposition was filed, plaintiffs promptly filed the Declaration as an errata. *See* Dkt. No. 125-1. The material points supported by Wise were discussed in the Motion and not contested by Delta in Opposition. There is no obvious prejudice to Delta from plaintiffs' failure to file the Declaration with their motion papers.

2

to this: plaintiffs' operative Second Amended Complaint asserts that Delta's wage statements were not compliant with California law from before the filing of the complaint "to the present," but in their class certification motion plaintiffs seek only a narrowed class covering 10 months ending October 8, 2022. Oppo. 6 n.2. Delta contends that the narrowed class sought in the motion "conflicts" with the more "robust" relief sought in the operative complaint and that plaintiffs are trying to "abandon without justification" the relief they sought from October 8, 2022 through "the present."

Delta overlooks the obvious reasons for the change between the operative complaint's broader allegations and the plaintiffs' sensible choice to end the class period on October 7, 2022: my finding that a good faith defense precludes relief on the wage statement claim prior to January 10, 2022 and Delta's admitted change to its wage statements starting on October 8, 2022. That is an adequate justification for narrowing the class claims to be certified. More importantly for Rule 23(a)(3), the claims the named plaintiffs seek to certify are typical of the claims for that same period of the absent class members. Typicality is satisfied.

Adequacy under Rule 23(a)(4) has also been shown and is satisfied for both the named plaintiffs and their counsel. Delta's attempts to manufacture a conflict between the class and the named plaintiffs, asserting that plaintiffs' narrowing of the class claims is somehow unexplained or improper claim splitting, fails. There is a reasoned justification for the narrowed class definition, there is no improper claims splitting, and the named plaintiffs neither have nor are seeking to pursue claims outside of the ten-month period they seek to certify.[3]

Delta is correct that the operative complaint seeks relief for non-compliant wage statements through "the present" and argues – despite plaintiffs' repeated assertions to Delta that

---

[3] Delta cites a number of cases where named plaintiffs were deemed inadequate and class certification was denied where plaintiffs abandoned categories of damages or claims sought in their complaints. *See* Oppo. at 7-8. That is not the case here where the plaintiffs are not jettisoning categories of damages to make this case more certifiable to the detriment of class members. Instead, plaintiffs are narrowing the class in a sensible and logical manner considering the law of the case and defendant's changes to the wage statements in October 2022. Plaintiffs can acknowledge that those changes make the likelihood of success on claims after that point much more difficult, if not impossible, without having to stipulate that defendant's revised wage statements are compliant with California law.

they do not intend to litigate anything other than the legality of the wage statements during the identified 10-month period – that they face a risk that the named plaintiffs might still seek relief for statements after October 7, 2022. To give Delta the peace of mind it seeks, and to remove any doubt, plaintiffs have offered and they are now ORDERED to file a Third Amended Complaint that conforms the claims pleaded to the class certified herein within ten (10) days of the date of this Order.

Plaintiffs also satisfy the Rule 23(b) requirements. The only substantive matter at issue is whether they satisfy the predominance and superiority elements by making a preliminary, evidence-based showing that the narrowed class satisfies *Ward v. United Airlines, Inc*., No. 16-16415, 986 F.3d 1234 (9th Cir. 2021). Following *Ward*, plaintiffs are required to show that the class members either "perform a majority of their work in California" or "who do not perform a majority of their work in any one State and are based for work purposes in California." *Ward*, 986 F.3d at 1238; *see also Oman v. Delta Air Lines, Inc*., 835 F. App'x 272, (Mem)–273 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 755 (2022). They have done so through the Declaration of Alexander Wise [Dkt. No. 125-1]. Wise reviewed flight log datasets and declares that for the ten-month period at issue, isolating all flights taken by California-based flight attendants, just over one percent of Class Members' flights were intrastate flights in states other than California. Wise Decl., ¶¶ 4-10. Plaintiffs have demonstrated, consistent with the Ninth Circuit's directive, that the 1,495 class members based in California performed the majority of their work in California sufficient to show predominance and the superiority of resolving this claim on a classwide basis.

Delta does not contest Wise's analysis (other than pointing out that plaintiffs failed to attach his declaration with their Motion). Instead, it argues that plaintiffs failed to address (i) the number of intrastate flights outside of California that particular California-based attendants worked or (ii) the hours worked at non-California airports on "report time, turn time, deplaning time, taxiing time, or hold time." Oppo. at 15. Delta, obviously, has that information at its disposal but it did not introduce any evidence that would support its theory that any identified California-based flight attendant worked less than 50% of his or her time at a non-California airport. Absent evidence to the contrary, it is not a reasonable inference that ground-based tasks at

4

non-California airports would add up to more time than the flight attendants spent on California-based tasks and flight time.[4]

Finally, Delta objects to various provisions in plaintiffs' proposed class certification notice. Oppo. at 15-16. Plaintiffs agree to one change suggested by Delta (adding clarification language to section 6) but argue that Delta's remaining suggestions are neither necessary nor appropriate. I have reviewed the proposed Notice and find that it is short, clear, and written in plain language. I approve it. Delta's objection that information regarding how class members may exclude themselves is not found until pages 3-4 (at sections 7 and 9) is not persuasive given how short the Notice is. And because this is a litigation class notice (and not a settlement notice), questions about the case and whether a person is a class member are appropriately referred to Class Counsel and not a claims administrator. Finally, the reference to PAGA claims not being covered by the class certification order is appropriate. Defendant's objections to the form of notice are OVERRULED.

Plaintiffs' motion to certify the class – all persons who were employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs – is GRANTED.

Plaintiffs Todd Eichmann and Albert Flores are appointed as class representatives and Nichols Kaster, LLP is appointed as Class Counsel. The Court approves plaintiffs' proposed form of notice for distribution to the class, as modified. Defendant is ORDERED to produce a class list to Class Counsel within fifteen (15) days of the date of this Order. That list shall include each flight attendant's name, mailing address, personal email address, and phone number, and shall include unique identifiers Defendant used in producing employment data.

## II.  DEFENDANT'S MOTION FOR LEAVE IS DENIED

Because plaintiffs refused to stipulate to the legality of Delta's wage statements following

---

[4] Delta also trots out the example, unsuccessfully used on summary judgment, of one plaintiff who spent two weeks out of state training. Oppo. at 15. That isolated training does not defeat plaintiffs' evidence that they satisfy the *Ward* test.

5

its changed practice in October 2022, Delta seeks leave to file a second motion for summary judgment to adjudicate whether its revised wage statements are compliance with California law. Dkt. No. 122. That request is DENIED.

As noted above, plaintiffs will shortly be filing a Third Amended Complaint (TAC) that conforms to class certified above. Delta faces no danger from the named plaintiffs over a new suit to challenge the post-October 7, 2022 wage statements; plaintiffs' counsel has repeatedly told Delta that time period is no longer at issue and the TAC will remove them from the scope of this case. In this situation, there is no case or controversy remaining and no need for Delta's proposed second motion for summary judgment. *See, e.g., Asetek Danmark A/S v. Shenzhen Apaltek Co.*, No. 22-CV-06179-WHO, 2023 WL 3852698, at *3 (N.D. Cal. June 6, 2023) (noting an actual case or controversy must exist not only at the time a complaint is filed, but through all stages of litigation).

**IT IS SO ORDERED.**

Dated: September 22, 2023



William H. Orrick
United States District Judge