Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and the putative class

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Todd Eichmann and Albert Flores, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>Delta Air Lines, Inc.,<br><br>Defendant. | **Case No. 3:15-CV-00131-WHO**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES**<br><br>**(1)   Wage Statement Penalties (Cal. Lab. Code § 226)**<br><br>**(2)   Civil Penalties (Cal. Lab. Code §§ 2698,** *et seq.***)** |

**PRELIMINARY STATEMENT**

1. This is a class action brought by Individual and Representative Plaintiffs Todd Eichmann ("Eichmann") and Albert Flores ("Flores," together with Eichmann, the "Plaintiffs") on their own behalf and on behalf of the proposed class. Plaintiffs and the putative Class Members are or were employed as flight attendants by Defendant Delta Air Lines, Inc., ("Delta" or "Defendant"), or its predecessors-in-interest, and were denied proper wage statements and timely compensation as required by state wage and hour laws. Plaintiffs bring their claims on behalf of a class of Defendant's flight attendants pursuant to Federal Rule of Civil Procedure 23. Plaintiffs also seek civil penalties pursuant to California's Private Attorneys General Act of 2004 ("PAGA").

2. The Class is made up of all persons who were employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time from one year prior to this action's filing date[1] through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs. The time period starting one year prior to this action's filing date and continuing through October 7, 2022 is referred to herein as the "Class Period."

3. During the Class Period, Defendant failed to provide compliant wage statements to Plaintiffs and each member of the putative class as required by state law. Plaintiffs seek relief for the class under the California Labor Code to remedy Defendant's failure to provide proper wage statements.

4. Defendant also failed to provide timely payment to Plaintiffs and other flight attendants during the time period starting at least one year prior to this action's filing date and continuing until September 1, 2018. Plaintiffs seek penalties under PAGA for Defendant's failure to timely pay California-based flight attendants as well as Defendant's failure to provide compliant wage statements.

5. Plaintiffs also seek their attorneys' fees and costs.

---

[1] The Court granted summary judgment to Delta on Plaintiffs' Labor Code Section 226 claims prior to January 10, 2022. Plaintiffs include that time period in this complaint to preserve their rights on appeal.

**THE PARTIES**

6. Individual and representative Plaintiff Todd Eichmann is an individual residing in Palm Springs, California (Riverside County). Plaintiff Eichmann is currently employed by Defendant as a flight attendant and has been so employed for over 33 years. Since approximately February 2014, Plaintiff Eichmann has been based out of Los Angeles International Airport. Throughout his employment with Delta, and within the last three years, Plaintiff Eichmann regularly worked on flights arriving into and departing from California airports.

7. Individual and representative Plaintiff Albert Flores is an individual residing in Long Beach, California. Plaintiff Flores is currently employed by Defendant has a flight attendant and has been so employed for approximately sixteen years. At all applicable times, Plaintiff Flores has been based out of Los Angeles International Airport. Throughout his employment with Delta, and within the last three years, Plaintiff Flores regularly worked on flights arriving into and departing from California airports.

8. Upon information and belief, Defendant Delta Air Lines, Inc. is a Delaware corporation headquartered in Atlanta, Georgia. Delta operates out of numerous airports throughout the country, including San Francisco International Airport, Oakland International Airport, San Jose International Airport, John Wayne International Airport, Ontario International Airport, Los Angeles International Airport, Sacramento International Airport, and San Diego International Airport. Defendant operates flights throughout the country.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiffs' and the Class Members' causes of actions alleged herein under section 28 U.S.C. § 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000 and the named Plaintiffs, and some class members, are citizens of a different state than Defendant.

10. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial portion of the events which are the subject of this action were performed in the County of San Francisco, in the State of California.

11. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Francisco County, California.

## FACTUAL ALLEGATIONS

12. During the applicable statutory periods, Plaintiffs and Class Members worked as flight attendants for Defendant. Defendant, through its policies, practices, and supervisors, directed the work activity of Plaintiffs and other flight attendants.

13. Defendant paid Plaintiffs and Class Members using multiple compensation structures. Under all of the pay schemes, Plaintiffs and Class Members were paid as hourly employees. Defendant established hourly pay rates for all flight attendants based on seniority.

14. Defendant's pay structures are set out in Defendant's "Work Rules," and Defendant admits that it applied these rules when paying its flight attendants, including Plaintiffs.[2] According to Defendant's "Work Rules," there are and/or have been four pay structures in place:

   a. "Flight Pay," which pays flight attendants for all hours between the time a flight pushes out from the departure gate and the time it pulls into the destination gate;

   b. "Duty Period Credit Pay," which pays flight attendants for half their hours worked;

   c. "Duty Period Average," which pays flight attendants for 4.75 hours of work for each "duty period" during a rotation; and

   d. "Trip Pay Credit," in which Delta credits the flight attendant with one hour of pay for every 3.5 hours they are away from their base.

15. Plaintiffs and Class Members were and are required to be present at the airport at least one hour prior to their flight's scheduled departure time. During this time, flight attendants are required to attend a pre-flight briefing meeting, prepare food carts and other items on the

---

[2] Delta's Flight Attendant Work Rules are attached hereto as Exhibit A.

-3-
THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

airplane, and board passengers onto the plane.

16. Similarly, once a flight lands, flight attendants were and are required to facilitate deplaning, including checking aircraft doors and communicating with flight leaders. Deplaning at California airports often takes more than 15 minutes.

17. Delta often schedules flight attendants to take multiple trips in the same "duty period." Delta does not allow flight attendants to leave the airport in between their scheduled flights, except for at the end of their duty period. Delta instructs its flight attendants that they are still on duty between scheduled flights in the same duty period, and that they may be called upon to depart early on a different flight.

18. Defendant's primary pay structure, the Flight Pay formula, entails crediting Plaintiffs and Class Members for some of the hours worked onboard the aircraft. Under this structure, Plaintiffs and Class Members are paid a set hourly rate from the time an aircraft "blocks out," or leaves the gate, until it "blocks in" at the destination. Under the Flight Pay formula, the credited hours are substantially less than the hours actually worked.

19. Delta uses the Duty Period Credit Pay formula, instead of the Flight Pay formula, when the expected duty period contains more than twice the number of flight hours. Under this formula, flight attendants are "credited with 1 hour of flight pay for every 2 hours on duty." (Ex. A, 36.)

20. Additionally, the so-called "Duty Period" does not encompass all time worked. Under the Duty Period formula, flight attendants who arrive earlier than their scheduled shift are only paid from their scheduled start time, and are assumed to only work (and so are only paid) for 15 minutes after their plane arrives at the gate. Deplaning at California airports often takes more than 15 minutes. In order to get paid for additional time, flight attendants are required to call Defendant's scheduling department.

21. Under the "Duty Period" formula, the credited hours are substantially less than the hours actually worked.

22. Defendant rarely pays flight attendants under the Duty Period Average or Trip Pay Credit formulas. Even so, the Duty Period Average formula fails to credit flight attendants for all

-4-
THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

1  hours worked because it pays a flat 4.75 hour average regardless of the number of hours actually
2  worked.

3      23.    Starting at least one year prior to the filing date of this action, and continuing
4  through the Class Period, Defendant's wage statements did not accurately reflect all hours worked
5  or the rates of pay Delta paid its flight attendants.

6      24.    Starting at least one year prior to the filing date of this action, and continuing until
7  September 1, 2018, Delta paid its flight attendants, including Plaintiffs, twice per month. On the
8  15th of the month, Delta paid flight attendants half of the minimum pay for the current month, plus
9  half of the additional pay earned over the minimum in the *previous month*. On the last day of the
10  month, Delta paid its flight attendants, including Plaintiffs, the other half of the minimum pay due
11  for the current month, plus the remainder of the pay earned over the minimum in the *previous*
12  *month*. In other words, flight attendants received pay for some of their hours worked in October
13  on November 15, and some on November 30.

14      25.    Defendant's unlawful conduct has been widespread, repeated, and consistent
15  during the time periods at issue.

16      26.    Defendant's conduct, as set forth in this Complaint, was knowing and intentional,
17  and willful and in bad faith.  Defendant operated under a scheme that has caused significant
18  damages to Plaintiffs and Class Members.

19  <center>**CLASS ALLEGATIONS**</center>

20      27.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal
21  Rules of Civil Procedure on behalf of the following defined class:

22      **California Class:**    All persons who were employed by Delta Air Lines, Inc. as
    flight attendants based at a California airport at any time starting one year prior to
23      this action's filing date through October 7, 2022 who did not participate in Delta's
    Enhanced Retirement or Voluntary Opt-Out Programs.
24

25      28.    Plaintiffs seek certification of this lawsuit as a class action, in order that their
26  rights and the rights of the Class Members, relating Defendant's failure to provide accurate wage
27  statements during the Cass Period, penalties in conjunction with that failure, and attorneys' fees
28  and any other damages due, be resolved fairly, efficiently, and consistently.

29. This action is brought pursuant to Fed. R. Civ. P. 23 because the class is so numerous that joinder of all members is impracticable. There are over one thousand flight attendants in the proposed class. A class action is appropriate because there exists an ascertainable and sufficiently numerous class there is a well-defined community of interest, and proceeding on a class-wide basis will have substantial benefits and is superior to the alternatives.

30. *Numerosity.* The size of the class makes a class action both necessary and efficient. The class consists of over one thousand current and former employees. Members of the class are ascertainable through Defendant's records, and are so numerous that joinder is impracticable.

31. *Predominant Common Questions of Law and Fact.* The issues surrounding this lawsuit present common questions of law and fact, and these common questions predominate over the variations, if any, which may exist between members of the class. These common questions of law and fact include, without limitation:

   a. Whether Defendant failed to provide accurate itemized wage statements to Class Members during the Class Period, as required by Labor Code § 226;

   b. Whether Defendant's failure to provide accurate itemized wage statements during the Class Period was knowing and intentional;

   c. Whether Plaintiffs and Class Members suffered injury, as defined by the Labor Code, as a result of Defendant's failure to provide accurate itemized wage statements during the Class Period; and

   d. The proper measure of damages sustained by, and penalties due to, the Plaintiffs and Class Members.

32. *Typicality.* Plaintiffs' interests in the subject matter and remedy sought are typical of those of the other putative class members. Plaintiffs, like other members of the class, were employed during the Class Period, and received the same wage statements as other Class Members. Plaintiffs and Class Members sustained injuries arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

33. *Adequacy.* Plaintiffs are able to fairly and adequately represent and protect the interests of the class, because their individual interests are consistent with, and not antagonistic to,

the interests of the class, and because they have retained counsel who possess the requisite resources and ability to prosecute this case as a class action. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class actions.

34. *Superiority.* Individual actions by each member of the class injured or affected would result in a multiplicity of actions, and potentially inconsistent judgments, creating a hardship to Plaintiffs, the Class Members, to the Court, and to Defendant. The damages suffered by the individual Class Members are small compared to the expense and burden of vigorous individual prosecution of this litigation against a corporate Defendant. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

35. Plaintiffs intend to send notice to all members of the class to the extent required by the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

(On Behalf of Plaintiffs and the Classes)

36. Plaintiffs and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

37. Pursuant to Labor Code § 226, employers, including Defendant, must provide their employees an accurate, written, itemized wage statement with each paycheck. The wage statement must show, among other things, all applicable pay rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, and the total hours worked.

38. By failing to itemize the number of hours Plaintiffs and other Class Members worked and the different pay rates used, Defendant knowingly and intentionally failed to provide Plaintiffs and Class Members with the required accurate, written, itemized wage statements during the Class Period.

39. Pursuant to Labor Code § 226, Plaintiffs and Class Members have suffered injury as a result of Defendant's failure to provide accurate, written, itemized wage statements.

40. Plaintiffs and Class Members are entitled to all actual and statutory damages and penalties available for these violations under Labor Code § 226(e). Plaintiffs are also entitled to their attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## CIVIL PENALTIES PURSUANT TO CALIFORNIA'S PRIVATE ATTORNEYS GENERAL ACT OF 2004

Cal. Labor Code § 2698

(On Behalf of Plaintiffs and others Similarly Situated)

41. Plaintiffs and others similarly allege and incorporate by reference the allegations in the preceding paragraphs.

42. During the period beginning one year prior to the filing of the initial complaint in this action, and in years prior to that, Defendant violated California Labor Code sections 204 (requiring timely payment of wages) and 226 (requiring accurate itemized wage statements) as alleged in more detail above.

43. California Labor Code section 2699 authorizes an aggrieved employee, on behalf of herself or other current or former employees, to bring a civil action to recover civil penalties against her current or former employer pursuant to the procedures specified in Section 2699.3.

44. Plaintiffs have complied with the procedures for bringing suit specified in Section 2699.3. By letter dated and postmarked November 9, 2015, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, as set forth in the letter attached hereto as Exhibit B.

45. More than 33 days have passed since November 9, 2015, and the LWDA has not notified Plaintiffs that it intends to investigate Plaintiffs' allegations.

46. Pursuant to California Labor Code sections 2699(a) and (f), and 2699.5, Plaintiffs are entitled to recover civil penalties for Defendant's violations of California Labor Code sections 204 and 226 during the civil penalty period, as follows:

    A. For violations of California Labor Code section 204, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The penalty amounts are established by California Labor Code section 2699(f)(2).

    B. For violations of California Labor Code section 226, two hundred and fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1,000) for each aggrieved employee for each pay period. The penalty amounts are established by California Labor Code section 226.3.

    C. Alternatively, for violations of California Labor Code section 226, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The penalty amounts are established by California Labor Code section 2699(f)(2).

47. Pursuant to California Labor Code section 2699(g)(1), Plaintiffs are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class they represent, pray for relief as follows:

    A. Certification of this action as a class action;
    B. Designation of Plaintiffs as class representatives;
    C. Appointment of Nichols Kaster, LLP as class counsel;
    D. Appropriate statutory penalties;

| | | |
|---|---|---|
|1| E. | Designation of Plaintiffs as the PAGA representatives for other employees |
|2|  | aggrieved by the by the conduct alleged here; |
|3| F. | Appropriate civil penalties; |
|4| G. | Attorneys' fees and costs of suit, including expert fees, pursuant to Cal. |
|5|  | Labor Code §§ 226(e)(1) and 2699(g)(1). |
|6| H. | Pre-judgment and post-judgment interest, as provided by law; and |
|7| I. | Such other equitable relief as the Court may deem just and proper. |

Dated: October 2, 2023                **NICHOLS KASTER, LLP**

By:   s/ Matthew C. Helland
         Matthew C. Helland

Attorneys for Plaintiffs and Others Similarly Situated

-10-
THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES