1

BRENDAN T. KILLEEN (Admitted *Pro Hac Vice*)
brendan.killeen@morganlewis.com

2

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue

3

New York, NY 10178
Telephone: +1.212.309.6000

4

Facsimile:  +1.212.309.3001

5

ANDREW P. FREDERICK (SBN 284832)
andrew.frederick@morganlewis.com

6

TAYLOR D. HORN (SBN 329435)
taylor.horn@morganlewis.com

7

MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower

8

San Francisco, California 94105-1126
Telephone: +1.415.442.1000

9

Facsimile:  +1.415.442.1001

10

Attorneys for Defendant
DELTA AIR LINES, INC.

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

15

DEV ANAND OMAN, TODD EICHMANN, MICHAEL LEHR, and ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public,

16

17

Plaintiffs,

18

19

vs.

20

DELTA AIR LINES, INC.,

21

Defendant.

Case No. 3:15-cv-00131-WHO

**ANSWER OF DEFENDANT DELTA AIR LINES, INC. TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

22

23

24

25

26

27

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Defendant Delta Air Lines, Inc. ("Delta"), by and through its undersigned counsel, submits the following answer and defenses to the Third Amended Class Action Complaint ("Third Amended Complaint") of Plaintiffs, Todd Eichmann and Albert Flores ("Plaintiffs").

**PRELIMINARY STATEMENT**[1]

1.      Delta avers that the allegations contained in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies that it failed to provide proper wage statements and timely compensation as required by California wage and hour laws and denies the remaining allegations contained in Paragraph 1.

2.      Delta avers that the allegations contained in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta admits that the Court certified a class defined as "all persons who were employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs." ECF No. 128.  Delta denies the remaining allegations contained in Paragraph 2.

3.      Delta avers that the allegations contained in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta admits that the Court granted summary judgment to Plaintiffs on their claims for statutory damages for wage statement violations that occurred after January 10, 2022, and that Plaintiffs are no longer pursuing such claims for the period after October 7, 2022.

4.      Delta avers that the allegations contained in Paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta admits that the Court granted summary judgment to Plaintiffs on their section 204 PAGA claims for pay periods before September 1, 2018.  Delta also admits that Plaintiffs are seeking penalties under PAGA based on purported violations of California Labor Code section 204 and 226.

5.      Delta admits that Plaintiffs are seeking their attorneys' fees and costs.

---

[1] This answer incorporates the Third Amended Complaint's headings for ease of reference only. Delta does not construe the headings to constitute allegations.  To the extent that the headings are deemed to constitute allegations, Delta denies the headings asserted in the Third Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1    **THE PARTIES**

2        6.      Delta admits that Plaintiff Todd Eichmann has provided information to Delta that

3    he resides in Palm Springs, California (Riverside County).  Delta admits that Plaintiff Eichmann

4    was hired by Northwest Airlines as a flight attendant on April 21, 1990.  Delta also admits that as

5    a result of a merger with Northwest, it has employed Plaintiff Eichmann as a flight attendant from

6    May 1, 2009 through the present and that Plaintiff Eichmann has been based out of Los Angeles

7    International Airport since approximately February 2014.  Delta denies the remaining allegations

8    contained in Paragraph 6.

9        7.      Delta admits that Plaintiff Albert Flores has provided information to Delta that he

10   resides in Long Beach, California.  Delta admits that it hired Plaintiff Flores as a flight attendant

11   approximately sixteen years ago and that he has been based out of Los Angeles International

12   Airport since on or about December 2010.  Delta denies the remaining allegations contained in

13   Paragraph 7.

14       8.      Delta avers that it is a Delaware corporation with its principal place of business in

15   Atlanta, Georgia, and that it operates out of many airports throughout the United States, including

16   San Francisco International Airport, Oakland International Airport, San Jose International

17   Airport, John Wayne International Airport, Ontario International Airport, Los Angeles

18   International Airport, Sacramento International Airport, and San Diego International Airport.

19   Delta denies the remaining allegations contained in Paragraph 8.

20       **JURISDICTION AND VENUE**

21       9.      Delta avers that the allegations contained in Paragraph 9 constitute conclusions of

22   law to which no response is required.  To the extent a response is required, Defendant admits that

23   Plaintiffs purport to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d) and

24   denies the remaining allegations contained in Paragraph 9.

25       10.     Delta avers that the allegations contained in Paragraph 10 constitute conclusions of

26   law to which no response is required.  To the extent a response is required, Delta denies that a

27   substantial portion of the events which are the subject of this action were performed in the County

28   of San Francisco or the State of California, admit that Plaintiffs purport to invoke venue in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

District, denies that Plaintiffs can properly invoke venue in this District, and denies the remaining allegations contained in Paragraph 10.

11.     Delta avers that the allegations contained in Paragraph 11 constitute conclusions of law to which no response is required.  To the extent a response is required, except to admit that Plaintiffs purport to invoke venue in the San Francisco Division of this District, Delta denies the allegations contained in Paragraph 11.

## FACTUAL ALLEGATIONS

12.     Delta admits that it employs Plaintiffs Eichmann, Flores, and others as Flight Attendants.  Delta further admits that it directs Plaintiffs' and other flight attendants' work activity as Delta Flight Attendants, and denies the remaining allegations contained in Paragraph 12.

13.     Except to aver that it has paid all Flight Attendants, including Plaintiffs, in accordance with Delta's Flight Attendant Work Rules, Delta denies the allegations contained in Paragraph 13.

14.     Delta avers that it has paid all Flight Attendants, including Plaintiffs, in accordance with Delta's Flight Attendant Work Rules, admits that Plaintiffs refer to a written document, the content of which speaks for itself, and denies the remaining allegations contained in Paragraph 14, including sub-paragraphs (a)-(d).

15.     Delta admits that Flight Attendants perform work prior to a flight's scheduled departure time that may include a pre-flight briefing meeting, preparing food carts and other items on the airplane and boarding passengers onto the plane, avers that it lacks sufficient knowledge and information to form a belief as to the individual duties of Plaintiffs and the purported Class Members prior to each scheduled flight, and denies the remaining allegations contained in Paragraph 15.

16.     Delta admits that Flight Attendants perform work after a flight lands that may include facilitating deplaning, checking aircraft doors, and communicating with flight leaders, avers that it lacks sufficient knowledge and information to form a belief as to the individual duties of Plaintiffs and the purported Class Members after each scheduled flight, and denies the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1   remaining allegations contained in Paragraph 16.

2       17.     Except to aver that Flight Attendants remain on duty throughout a duty period,

3   Delta denies the allegations contained in Paragraph 17.

4       18.     Delta denies the allegations contained in Paragraph 18.

5       19.     Except to admit that Plaintiffs refer to a written document, the content of which

6   speaks for itself, Delta denies the allegations contained in Paragraph 19.

7       20.     Except to aver that Flight Attendants can request to extend a duty period by calling

8   Scheduling, Delta denies the allegations contained in Paragraph 20.

9       21.     Delta denies the allegations contained in Paragraph 21.

10      22.     Delta denies the allegations contained in Paragraph 22.

11      23.     Delta denies the allegations contained in Paragraph 23.

12      24.     Delta denies the allegations contained in Paragraph 24.

13      25.     Delta denies the allegations contained in Paragraph 25.

14      26.     Delta denies the allegations contained in Paragraph 26.

15                              **CLASS ALLEGATIONS**

16      27.     Delta admits that the Court certified a class defined as "all persons who were

17  employed by Delta Air Lines, Inc. as flight attendants based at a California airport at any time

18  from January 10, 2022 through October 7, 2022 who did not participate in Delta's Enhanced

19  Retirement or Voluntary Opt-Out Programs."  ECF No. 128.  Delta denies the remaining

20  allegations contained in Paragraph 27.

21      28.     Except to admit that Plaintiffs purport to seek certification of this lawsuit as a class

22  action, Delta denies the remaining allegations contained in Paragraph 28.

23      29.     Delta avers that the allegations contained in Paragraph 29 constitute conclusions of

24  law to which no response is required.  To the extent a response is required, Delta denies the

25  allegations contained in Paragraph 29.

26      30.     Delta avers that the allegations contained in Paragraph 30 constitute conclusions of

27  law to which no response is required.  To the extent a response is required, Delta denies the

28  allegations contained in Paragraph 30.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

31.     Delta avers that the allegations contained in Paragraph 31, including sub-paragraphs (a)-(d), constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies the allegations contained in Paragraph 31, including sub-paragraphs (a)-(d).

32.     Delta avers that the allegations contained in Paragraph 32 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies the allegations contained in Paragraph 32.

33.     Delta avers that the allegations contained in Paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies the allegations contained in Paragraph 33.

34.     Delta avers that the allegations contained in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies the allegations contained in Paragraph 34.

35.     Delta avers that it lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 35, and, on this basis, denies the allegations.

**FIRST CLAIM FOR RELIEF**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

(Labor Code § 226)

(On Behalf of Plaintiffs and the Classes)

36.     Delta incorporates and realleges its responses to the allegations contained in Paragraphs 1 through 35, as if those responses were fully set forth herein.

37.     Delta avers that the allegations contained in Paragraph 37 constitute a restatement of California Labor Code section 226 and therefore that no response is required.  To the extent any allegation in this paragraph is inconsistent with Labor Code section 226, Delta denies the allegation.

38.     Delta denies the allegations contained in Paragraph 38.

39.     Delta avers that the allegations contained in Paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is required, Delta denies the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1   allegations contained in Paragraph 39.

2       40.     Delta avers that the allegations contained in Paragraph 40 constitute conclusions of

3   law to which no response is required.  To the extent a response is required, Delta denies the

4   allegations contained in Paragraph 40.

5                           **SECOND CLAIM FOR RELIEF**

6       **CIVIL PENALTIES PURSUANT TO CALIFORNIA'S PRIVATE ATTORNEYS**

7                           **GENERAL ACT OF 2004**

8                       (California Labor Code § 2698)

9        (On Behalf of Plaintiffs Eichmann, Lehr, Flores, and Others Similarly Situated)

10      41.     Delta incorporates and realleges its responses to the allegations contained in

11  Paragraphs 1 through 40, as if those responses were fully set forth herein.

12      42.     Delta denies the allegations contained in Paragraph 42.

13      43.     Delta avers that the allegations contained in Paragraph 43 constitute conclusions

14  of law to which no response is required.  To the extent a response is required, Delta denies the

15  allegations contained in Paragraph 43.

16      44.     Delta admits that Plaintiffs purport to have complied with the procedures for

17  bringing a PAGA representative action but otherwise denies the allegations contained in

18  Paragraph 44.

19      45.     Delta admits that 33 days have passed since November 9, 2015, but lacks

20  sufficient information or belief to admit or deny the allegation that the LWDA has not notified

21  Plaintiffs that it intends to investigate Plaintiffs' allegations, and on this basis, denies the

22  allegation.

23      46.     Delta avers that the allegations contained in Paragraph 46, including sub-

24  paragraphs (A)-(C), constitute conclusions of law to which no response is required.  To the extent

25  a response is required, Delta denies the allegations contained in Paragraph 46, including sub-

26  paragraphs (A)-(C).

27      47.     Delta avers that the allegations contained in Paragraph 47 constitute conclusions of

28  law to which no response is required.  To the extent a response is required, Delta denies the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1   allegations contained in Paragraph 47.

2   **PRAYER FOR RELIEF**

3   Delta denies that Plaintiffs or any putative class or representative action member is

4   entitled to any type of remedy, relief or damages of any kind, including the relief requested in

5   Plaintiffs' Prayer For Relief, including in sub-paragraphs A-I thereof.  Delta further denies that

6   this case may proceed either as a class or representative action or as alleged individual claims by

7   Plaintiffs.

8   **DEFENSES**

9   Without conceding that it bears the burden of proof or persuasion as to any one of the

10   following defenses, Delta asserts the following separate defenses to the allegations set forth in the

11   Third Amended Complaint:

12

13   **FIRST DEFENSE**

14   (Lack of Standing)

15   1.    The Third Amended Complaint, and each claim alleged therein, is barred because

16   Plaintiffs lack standing to bring such claims or seek such relief.

17   **SECOND DEFENSE**

18   (Conduct Reasonable and in Good Faith/Not Willful, Knowing, or Intentional)

19   2.    If Delta is found to have failed to provide accurate, itemized wage statements,

20   maintain payroll records, or pay Plaintiffs and/or any purported class/representative action

21   member any amount due timely, which Delta denies, Delta acted at all times on the basis of a

22   good faith and reasonable belief that it had complied fully with applicable wage and hour laws.

23   Delta's conduct was not willful, knowing, or intentional within the meaning of the California

24   Labor Code.

25   **THIRD DEFENSE**

26   (Due Process/Excessive Fine)

27   3.    Although Delta denies that it has committed or has responsibility for any act that

28   could support the recovery of civil or statutory penalties in this lawsuit, if and to the extent any

8

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

such act or responsibility is found, recovery of civil or statutory penalties against Delta is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

## FOURTH DEFENSE

### (Waiver / Release)

4.      The claims of Plaintiffs and of the purported class and representative action are barred in whole or in part because such claims have been waived, discharged, abandoned, and/or released.

## FIFTH DEFENSE

### (Conflicts of Interest)

5.      Certain of the interests of the purported class/representative action members are in conflict with the interests of Plaintiffs or other purported class/representative action members.

## SIXTH DEFENSE

### (Good Faith Reliance)

6.      Plaintiffs' claims and/or the claims of some or all of the putative class members and/or aggrieved employees are barred because Delta's alleged actions and/or omissions were in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.  Delta had reasonable grounds, in fact or law, for believing the actions and/or omissions undertaken did not violate any California Labor Code provision or any applicable Wage Order of the Industrial Welfare Commission.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

**SEVENTH DEFENSE**

(No Knowing Failure – Labor Code § 226)

7.      Even assuming arguendo that Plaintiffs and/or any putative class members and/or aggrieved employees that were not provided with proper itemized wage statements, Plaintiffs and/or any putative class member and/or aggrieved employee are not entitled to recover damages or penalties because Delta's alleged failure to comply with Labor Code section 226(a) was not a "knowing and intentional failure" under section 226(e).

**EIGHTH DEFENSE**

(Inadvertent Violation)

8.      If Delta is found to have issued wage statements in violation of Labor Code Section 226, which Delta denies, such violation was inadvertent, including due to clerical error and/or inadvertent mistake.

**NINTH DEFENSE**

(No Entitlement to Jury Trial – Certain Claims)

9.      Plaintiffs are not entitled to a trial by jury of certain of their claims.

**TENTH DEFENSE**

(Failure to Exhaust Administrative Remedies)

10.      Plaintiffs' PAGA claims are barred, in whole or in part, to the extent Plaintiffs failed to exhaust their administrative remedies and/or preconditions, including, but not limited to, those under the Labor Code Private Attorneys General Act, California Labor Code § 2698, *et seq*. ("PAGA"), including but not limited to, the requirement of providing timely and sufficient notice of alleged statutory violations to the California Labor and Workforce Development Agency and to Delta.

**ELEVENTH DEFENSE**

(PAGA Claims Not Manageable)

11.      Plaintiffs' PAGA claims should be dismissed and this action may not proceed on a representative action basis because, given the nature of the claims and the number of purportedly "aggrieved employees" (among other factors) it inherently lacks manageability and cannot be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1   tried without violating Delta's due process rights and/or adjudicating liability as to third parties

2   where none exists.

3                                           **TWELFTH DEFENSE**

4                                         (PAGA Penalties Unjust)

5          12.     Plaintiffs' PAGA claims are barred, in whole or in part, because Delta alleges that

6   Plaintiffs, and the other allegedly aggrieved employees they seek to represent, are not entitled to

7   recover any civil penalties because, under the circumstances of this case, any such recovery

8   would be unjust, arbitrary and oppressive, and/or confiscatory, in accord with California Labor

9   Code § 2699(e).

10                                        **THIRTEENTH DEFENSE**

11                                     (Reduction of PAGA Penalties)

12         13.     Although Delta denies that it has committed or has responsibility for any act that

13  could support the recovery of PAGA penalties in this lawsuit, if and to the extent any such act or

14  responsibility is found, recovery of civil penalties must be reduced as set forth under applicable

15  law (*e.g.*, *Amaral v. Cintas Corp.*, 163 Cal. App. 4th 1157 (2008)).

16                                        **FOURTEENTH DEFENSE**

17                                     (Reduction of PAGA Penalties)

18         14.     Although Delta denies that it has committed or has responsibility for any act that

19  could support the recovery of PAGA penalties in this lawsuit, if and to the extent any such act or

20  responsibility is found, recovery of civil penalties against Delta are inappropriate under applicable

21  law (*e.g.*, *Li v. A Perfect Day Franchise, Inc.*, 2012 WL 2236752 (N.D. Cal. June 5, 2012)).

22                                         **FIFTEENTH DEFENSE**

23                                         (One Satisfaction)

24         15.     Plaintiffs' PAGA claims are barred, in whole or in part, because Plaintiffs

25  impermissibly seek to recover penalties under multiple or different theories for the same or

26  similar alleged unlawful acts and improperly seek to "stack" penalties under the PAGA.

27                                      **RESERVATION OF RIGHTS**

28         Delta reserves the right to assert such additional defenses that may appear and prove

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO

1  applicable during the course of this litigation.

2  **<u>DELTA'S PRAYER FOR RELIEF</u>**

3  Delta prays that the Court grant the following relief:

4  1.    That Plaintiffs take nothing against Delta by reason of the Third Amended

5  Complaint, and that the Third Amended Complaint be dismissed with prejudice;

6  2.    That the Court deny certification of this action as a class or representative action

7  against Delta;

8  3.    That judgment be entered in favor of Delta and against Plaintiffs on all claims;

9  4.    That Delta be awarded its attorneys' fees incurred in this action to the extent

10  it is entitled under Section 218.5 of the California Labor Code;

11  5.    That Delta be awarded its costs of suit incurred herein; and

12  6.    That the Court award Delta such other and further relief as it deems just and

13  proper.

14  Dated: October 16, 2023                    MORGAN, LEWIS & BOCKIUS LLP

15

16                                            By    */s/ Andrew P. Frederick*

17                                                  Brendan T. Killeen
                                                   Andrew P. Frederick
                                                   Taylor D. Horn

18                                                 Attorneys for Defendant
19                                                 DELTA AIR LINES, INC.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DELTA'S ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 3:15-CV-00131-WHO