UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD EICHMANN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 15-cv-00131-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 150 |

Plaintiffs Todd Eichmann's and Albert Flores's ("Plaintiffs") move for Preliminary Approval of Class and Private Attorneys General Act ("PAGA") Representative Action Settlement Delta Air Lines, Inc. ("Delta Air Lines" or "Defendant") does not oppose the motion. Following the hearing on June 20, 2024 and the submission of the Supplemental Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval, Dkt. No. 157, preliminary approval is GRANTED.

Having reviewed the papers and documents presented, and having heard the statements of counsel, and having considered the matter, the Court FINDS, CONCLUDES, and HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Stipulation of Class and PAGA Action Settlement and Release (the "Settlement"), attached hereto as **Exhibit 1**. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals and it appears

appropriate to value the minimum wage claims at zero considering the rulings of this Court and the California Supreme Court; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the Settlement Class, in accordance with the terms of the Settlement, for the purposes of settlement only. The Class is defined as "All individuals who worked for Delta Air Lines as flight attendants based in California ("California-based flight attendants") at any time from January 9, 2014 through March 31, 2024 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs."

4. The Court hereby authorizes the retention of Rust Consulting as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $35,000.

5. The Court hereby APPROVES the Notice of Class Action and PAGA Settlement, attached to the Settlement as **Exhibit A**. The Court finds that the Notice of Settlement, along with the related notification procedure the Settlement contemplates, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice of Settlement appears to fully and accurately inform the Class Members of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

6. The Court hereby authorizes dissemination of the Notice of Settlement to Class Members. Subject to the Settlement's terms, the Notice of Class Action and PAGA Settlement shall be mailed via first-class mail to the most recent known mailing address of each Class Member within the timeframe specified in the Settlement. The parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

7. The Court hereby APPROVES the proposed procedure for exclusion from the Settlement, which is to postmark, email, or fax a written statement requesting exclusion to the Settlement Administrator by no later than sixty (60) calendar days following the date on which the Settlement Administrator first mails the Notice of Settlement to Class Members. Any Class Member who submits a written Request for Exclusion shall be deemed a Non-Participating Class Member, shall not be a Member of the Settlement Classes, shall be barred from participating in the Settlement, and shall receive no benefit from the Settlement, except that they will still receive a PAGA allocation, and will release all claims for PAGA penalties included in the Released Claims as defined in the Settlement.

8. The Court APPROVES the creation of a Contingency Fund of $50,000 that may be used to pay late claims, disputed allocations, and the claims of any individuals who are not on the class list and whom the Parties agree may be added to the Settlement Classes. Any unused portion of the Contingency Fund shall be provided to the *cy pres* recipient.

9. The Court further APPROVES the selection of Legal Aid at Work as the *cy pres* recipient of unclaimed funds remaining after distribution.

10. The Court ORDERS that Class Counsel shall file a motion for approval of the fee and cost award and of the Enhancement Payment to the Class Representatives, with the appropriate declarations and supporting evidence, at least thirty (30) calendar days prior to the end of the notice period, to be heard at the same time as the motion for final approval of the Settlement.

11. Delta may file a motion seeking entry of its proposed consent decree regarding the form of wage statements provided to Class Members since October 8, 2022, with the appropriate declarations, supporting evidence, and legal authority supporting entry of an uncontested consent decree, at least thirty (30) calendar days prior to the end of the notice period, to be heard at the same time as the motion for final approval of the Settlement.

12. The Court ORDERS that Class Counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, on the regular motion schedule in advance of the final approval hearing date identified in this order.

13. The Court further ORDERS that each Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on November 13, 2024 at at 2:00 p.m. in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California. Any Class Member seeking to object to the proposed Settlement may file such objection in writing with the Court by no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice of Settlement to Class Members. The written objection requirement may be excused upon a showing of good cause.

14. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement | |
| Deadline for Delta Air Lines to provide to the settlement administrator a database containing Class Members' contact information | Within 21 calendar days after the Court's preliminary approval of the Settlement |
| Deadline for the settlement administrator to mail the Notice of Settlement to Class Members | Within 7 calendar days after the settlement administrator receives the Class Member database |
| Deadline for Class Counsel to file attorneys' fees motion and motion for Enhancement Payment | At least 30 calendar days before the close of the notice period |
| Deadline for Delta to file proposed consent decree | At least 30 calendar days before the close of the notice period |
| Deadline for Class Members to postmark, email, or fax requests to be excluded from the Settlement or to file objections to the Settlement | 60 calendar days after Notice of Settlement is mailed |

| | |
|---|---|
| Final Approval Hearing | November 13, 2024 at 2:00 p.m. |
| Effective Date | (i) if no Class Member files an objection to the Settlement, then the date the Court enters an order granting Final Approval; (ii) if a Class Member files a timely objection to the Settlement that is not withdrawn, then the date immediately after the applicable date for seeking appellate review of the Court's Final Approval Order has expired, assuming no appeal or request for review is filed; or (iii) if a Class Member files an appeal or petition for review following disposition of an objection, the date of the final resolution of that appeal or request for review (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the Final Approval of the Settlement. |
| Deadline for Delta Air Lines to pay the Gross Settlement Amount into the Qualified Settlement Fund | By 30 calendar days after the Effective Date |
| Deadline for the settlement administrator to make payments for attorneys' fees and costs, Enhancement Payments, Class Member settlement payments, and LWDA Payment | Within 14 calendar days after Delta Air Lines pays the Gross Settlement Amount into the Qualified Settlement Fund |
| Deadline for the settlement administrator to send a reminder letter to those Class Members | 75 calendar days after issuance of settlement payment checks |

5

| | |
|---|---|
| and who have not yet negotiated their settlement payment checks | |
| Deadline to negotiate or cash payment checks | 120 calendar days after issuance of checks |
| Deadline for the settlement administrator to either redistribute unnegotiated payment check funds to those Class Members who negotiated or cashed their settlement payment checks or to distribute such funds to *cy pres* recipient, Legal Aid at Work | As soon as practicable after deadline to negotiate or cash checks |
| Deadline for Plaintiffs to file a post-distribution accounting with the Court | Within 30 calendar days after the distribution of any remaining settlement funds to Class Members who negotiated or cashed their settlement payment checks or to the *cy pres* recipient |

15. The Court further ORDERS that, pending further order of this Court, all proceedings in this Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

16. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated: July 16, 2024



William H. Orrick
United States District Judge

6