UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD EICHMANN and ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 15-cv-00131-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND AWARDING ATTORNEY FEES, ENHANCEMENTS, COSTS AND EXPENSES**<br><br>Dkt. Nos. 159, 163 |

Plaintiffs Todd Eichmann's and Albert Flores's ("Plaintiffs") Motion for Final Approval of Class and Private Attorneys General Act ("PAGA") Representative Action Settlement in the above-captioned action came on for hearing regularly at 2 p.m. on November 13, 2024, in the courtroom of the Honorable District Judge William H. Orrick, Courtroom 2, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California 94102. Delta Air Lines, Inc. ("Delta Air Lines" or "Defendant") does not oppose the Motion.[1]

Plaintiffs filed their Motion for Preliminary Approval on May 15, 2024, which the Court granted on July 16, 2024. Notice of the class and PAGA settlement was then distributed by the Settlement Administrator to Class Members.

The Court's decision to approve or reject a settlement "is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), *as amended*

---

[1] Delta Air Lines, Inc.'s motion for entry of a consent decree is considered separately. Delta has confirmed that the Court's ruling on that motion will not impact its agreement to the Settlement Agreement. *See* Dkt. No. 157.

(June 19, 2000) (citation omitted).  Having reviewed the papers and documents presented, and having heard the statements of counsel, and having considered the matter, the Court FINDS, CONCLUDES, and HEREBY ORDERS as follows:

1. The Court hereby GRANTS final approval of the terms and conditions contained in the Stipulation of Class and PAGA Action Settlement and Release (the "Settlement"), filed at ECF No. 150-2.  The Court finds that the terms of the Settlement are fair and reasonable, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds:  (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties; (5) the notice process provided effective notice to Class Members; and (6) the reaction of the Class was extremely favorable, with no objections and only four requests for exclusion, which supports approval.  Accordingly, the Court finds that the Settlement was entered into in good faith, and should be fully and finally approved.

3. The Court hereby GRANTS final certification of the Settlement Class, in accordance with the terms of the Settlement, for the purposes of settlement only.  The Class is defined as "All individuals who worked for Delta Air Lines as flight attendants based in California ("California-based flight attendants") at any time from January 9, 2014 through March 31, 2024 who did not participate in Delta's Enhanced Retirement or Voluntary Opt-Out Programs."

4. The Court hereby authorizes payment to the Settlement Administrator, Rust Consulting, from the Gross Settlement Amount, with reasonable administration costs of $31,478.  If there is a second distribution, the settlement administrator may be compensated for additional reasonable administration costs incurred in conjunction with the second distribution.  Any additional reasonable administration costs will also be paid from the Gross Settlement Amount.

5. The Court confirms its appointment of Nichols Kaster, LLP as Class Counsel.

2

6.      The Court confirms its appointment of Plaintiffs Todd Eichmann and Albert Flores as Class Representatives.

7.      The Court finds that the Notice of Settlement, along with the related notification procedures, was effectively distributed and provided the best notice practicable under the circumstances in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice of Settlement appears to fully and accurately inform the Class Members of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

8.      The Court further APPROVES Class Counsel's request for attorneys' fees of twenty-five percent of the Gross Settlement Amount of $15,900,000, or $3,975,000.  The Court approves the requested costs of $58,944.08.

9.      The Court further APPROVES a service payment or Enhancement Award of $15,000 to each of the two Class Representatives, in recognition of their role in initiating the lawsuit and performing substantial work in support of the case, including participating in discovery.

10.     Counsel agreed that there was no need for a Contingency Fund of $50,000, as contemplated by the Settlement Agreement  to pay late claims, disputed allocations, and the claims of any individuals who are not on the class list.  That amount will be distributed as part of the Gross Settlement Amount in accordance with the Settlement Agreement..

11.     The Court further APPROVES the selection of Legal Aid at Work as the *cy pres* recipient of unclaimed funds remaining after distribution.

12.     Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following dates and deadlines:

| | |
|---|---|
| Effective Date | Since no Class Members has filed an objection to the Settlement, the Effective Date is the date of this Order. |
| Deadline for Delta Air Lines to pay the Gross | 30 calendar days after the Effective Date |

3

| | |
|---|---|
| Settlement Amount into the Qualified Settlement Fund | |
| Deadline for Rust Consulting to make payments for attorneys' fees and costs, Enhancement Payments, Class Member settlement payments, and LWDA Payment | Within 14 calendar days after Delta Air Lines pays the Gross Settlement Amount into the Qualified Settlement Fund |
| Deadline for Rust Consulting to send a reminder letter to those Class Members and who have not yet negotiated their settlement payment checks | 75 calendar days after issuance of settlement payment checks |
| Deadline to negotiate or cash payment checks | 120 calendar days after issuance of checks |
| Deadline for Rust Consulting to either redistribute unnegotiated payment check funds to those Class Members who negotiated or cashed their settlement payment checks or to distribute such funds to *cy pres* recipient, Legal Aid at Work | As soon as practicable after deadline to negotiate or cash checks |
| Deadline for Plaintiffs to file a post-distribution accounting with the Court | April 15, 2025.  Status hearing set for April 22, 2025 at 2:00 p.m. |

The Claims Administrator shall withhold 10% of the attorney fees award until the Court directs them to release those fees following the Court's consideration of the Post-Distribution Accounting Report.

**IT IS SO ORDERED.**

Dated: November 13, 2024



William H. Orrick
United States District Judge

4