UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD EICHMANN and ALBERT FLORES, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 15-cv-00131-WHO<br><br>**ORDER DENYING REQUST FOR ENTRY OR APPROVAL OF CONSENT DECREE**<br><br>Re: Dkt. No. 160 |

Defendant Delta Air Lines, Inc. ("Delta") asks me to approve the following proposed Consent Decree, contained in the parties' Settlement Agreement at Paragraph 68:

> Consent Decree. At the same time as the Plaintiffs move the Court for Final Approval, Delta Air Lines will move the Court to enter a proposed consent decree that approves the form of the wage statements provided to Class Members since October 8, 2022 and confirms that the wage statements address the deficiencies the Court identified in its July 8, 2022 Order (Dkt. No. 113) and complies with California Labor Code Section 226. Plaintiffs and Plaintiffs' Counsel will not oppose Delta Air Lines' motion to approve this consent decree.

The issue of whether Delta's revised wage statements comply with California law was addressed in my Class Certification Order where I noted:

> Delta opposes class certification, arguing primarily that plaintiffs' approach creates "prejudicial" discrepancies between them and the class that cause plaintiffs and their counsel to be fatally inadequate under Rule 23. Dkt. No. 124. Delta also seeks leave to file a second motion for summary judgment, Dkt. No. 122, in order to secure essentially an advisory opinion that its wage statements as of October 8, 2022, are fully compliant with California law. [fn1]
>
>> [fn. 1] Delta admits that the parties were negotiating a potential stipulation for certification of the narrowed class plaintiffs seek in the pending motion. *See* Oppo. at 4. The only reason a stipulation was not reached is plaintiffs' refusal to

> stipulate that Delta's post-October 21, 2022 wage statements were compliant with California law. *See* Declaration of Andrew P. Frederick [Dkt. No 124-1] ¶ 2.

Dkt. No. 181 at 1-2. In that Order, I also denied Delta's request to file a second motion for summary judgment:

> [Given the change in practice in October 2022], Delta seeks leave to file a second motion for summary judgment to adjudicate whether its revised wage statements are compliance with California law. Dkt. No. 122. That request is DENIED.
>
> As noted above, plaintiffs will shortly be filing a Third Amended Complaint (TAC) that conforms to class certified above. Delta faces no danger from the named plaintiffs over a new suit to challenge the post-October 7, 2022 wage statements; plaintiffs' counsel has repeatedly told Delta that time period is no longer at issue and the TAC will remove them from the scope of this case. In this situation, there is no case or controversy remaining and no need for Delta's proposed second motion for summary judgment. *See, e.g., Asetek Danmark A/S v. Shenzhen Apaltek Co.*, No. 22-CV-06179-WHO, 2023 WL 3852698, at *3 (N.D. Cal. June 6, 2023) (noting an actual case or controversy must exist not only at the time a complaint is filed, but through all stages of litigation).

*Id.* at 4-5.

Although I allowed plaintiffs to file the amended complaint and rejected Delta's attempt to seek a protective judgment on the legality of its revised wage statements, Delta included the proposed Consent Decree in its Settlement Agreement. At the preliminary approval stage for the parties proposed settlement, I indicated that I had concerns with this request and directed Delta to file a separate motion, providing authority for it. Delta did so and the issue is before me again. Dkt. No. 160.

The first hurdle for Delta is that what it is asking me to approve is not a true "consent decree." As the Supreme Court has explained:

> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve. For these reasons, the scope of a consent decree

2

> must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it. Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.

*United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971); *see also United States v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990) ("A consent decree is essentially a settlement agreement subject to continued judicial policing.  It is not a decision on the merits or the achievement of the optimal outcome for all parties, but is the product of negotiation and compromise." (internal quotations and citations omitted)).

Here, Delta altered its wage statement practice – making changes it argues fully satisfy California Labor Code section 226 – in October 2022, following my summary judgment order. Dkt. No. 160 at 4-5.  Litigation continued, including through the contested motion for class certification.  *See* Dkt. Nos. 128, 132.

Then in March 2024, well over a year after Delta made the changes to its wage statements, the parties settled the case with the assistance of Magistrate Judge Lisa J. Cisneros.  No evidence or argument has been presented to demonstrate that plaintiffs or defendant reached any sort of compromise of actively litigated claims to support entry of the proposed consent decree.  Indeed, the Settlement Agreement was never contingent upon and even now is not contingent upon entering the proposed consent decree.[1]  The proposed consent decree is not a true consent decree; it is instead an uncontested attempt to secure forward-going peace for Delta.

In support of its request, Delta relies on an unpublished minute order from a case in the Central District of California, *Vidrio v. United Airlines*, entered June 23, 2023.  In that case, the judge approved a consent decree requiring United to change its wage statements to disclose hours worked and an effective hourly wage for 5 years, thereby providing United a "complete defense" to California Labor Code 226 claims.  The "consent decree" entered in that case appears to have

---

[1] Delta expressly acknowledges in its Supplemental filing (Dkt. No. 157) the following: "Here, whether the Court will ultimately approve the proposed consent decree will be a matter within the Court's discretion at final approval and will not impact the settlement itself."

been more akin to ongoing injunctive relief imposed as part of the negotiated settlement; requiring United to make specific changes for a specific period of time. Those two factors are missing from the consent decree proposed by Delta here.

Delta also notes that the Hon. Edward M. Chen from this District approved an agreed to injunction in a wage and hour case. *McLeod v. Bank of Am., N.A*., No. 16-CV-03294-EMC, 2019 WL 1170487 (N.D. Cal. Mar. 13, 2019. There, the "injunctive portion of the Settlement Agreement" required the defendant to "submit to a five-year Consent Decree that require[d] it" to perform various trainings and reminders about reimbursed expenses that the parties expected would generate $15 million in value to the settlement, and in exchange "Class Members will agree" that the Bank's "compliance with [the Consent Decree] will constitute a complete defense against Labor Code § 2802 claims by individuals in Covered Positions for work travel-related reimbursement during the Covered Period." *Id*. at *2. Judge Chen concluded, in light of the "uncertainties" under California law regarding what training and other steps businesses were required to take to satisfy section 2802 of the Labor Code, that "the robust steps the Bank will take to facilitate higher rates of mileage reimbursement under the Consent Decree in exchange for Class Members releasing certain § 2802 claims represent a reasonable compromise." *Id*. at *5.

It is clear that in *McLeod* significant consideration was being provided for the consent decree (the identified training and reminders) in exchange for plaintiffs' agreement and in light of legal uncertainties about what the Labor Code provision required. No such consideration and no similar issues are apparent here. And, again, there is no time limit to the proposed consent decree Delta seeks.

Delta's proposed consent decree is more akin to the one recently rejected by Judge William H. Alsup in this District. In *Ward v. United Airlines, Inc*., No. C 15-02309 WHA, 2024 WL 269149 (N.D. Cal. Jan. 24, 2024), Judge Alsup noted initially that "the pilot wage statements submitted by United via declaration appear to conform with the plain language of Sections 226(a)(2) and 226(a)(9). United's prior pilot wage statements were found to violate Sections 226(a)(2) and 226(a)(9) because the hours worked and corresponding hourly rates were omitted from pay advices []." *Id*. at *9. However, Judge Alsup rejected the proposed consent decree as

1   "fatally overbroad, purporting to constitute a complete defense against too broad a group of
2   potential litigants, for too long a period of time. On those grounds, the decree is found to be
3   substantively deficient, and is DENIED." *Id*.  The same is true of Delta's proposal here.  Delta did
4   make changes to its policies during the litigation after I identified deficiencies in them.  The new
5   policy was not challenged in this litigation, nor does it appear to be the result of meaningful
6   negotiation.  I echo Judge Alsup's reasoning and conclusion; Delta's request for entry or approval
7   of the Consent Decree is DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2024



William H. Orrick
United States District Judge

5